UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION,<br><br>   Plaintiffs,<br><br> v.<br><br>INES CROSBY; JOHN CROSBY; LESLIE LOHSE; LARRY LOHSE; TED PATA; JUAN PATA; CHRIS PATA; SHERRY MYERS; FRANK JAMES; UMPQUA BANK; UMPQUA HOLDINGS CORPORATION; CORNERSTONE COMMUNITY BANK; CORNERSTONE COMMUNITY BANCORP; JEFFERY FINCK; GARTH MOORE; HARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.; ASSOCIATED PENSION CONSULTANTS, INC.; HANESS & ASSOCIATES, LLC; ROBERT M. HANESS; THE PATRIOT GOLD & SILVER EXCHANGE, INC. and NORMAN R. RYAN,<br><br>   Defendants,<br><br>SILVER QUICKEN LOANS, INC.; CRP 111 WEST 141ST LLC; CASTELLAN MANAGING MEMBER LLC; CRP WEST 168TH STREET LLC; and CRP SHERMAN AVENUE LLC,<br><br>   Nominal Defendants. | No. 2:15-cv-00538-GEB-CMK<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR A STAY, OR IN THE ALTERNATIVE, DISMISSAL OF PLAINTIFFS' AMENDED COMPLAINT PENDING ARBITRATION; AND GRANTING PLAINTIFFS' COUNTER-MOTION TO STAY ARBITRATION** |

1

Defendants Ines Crosby, John Crosby, Leslie Lohse, and Larry Lohse (collectively, the "Employee Defendants"), and Ted Pata, Juan Pata, Chris Pata, Sherry Myers, Frank James, The Patriot Gold and Silver Exchange, Inc., and Norman R. Ryan (collectively with Employee Defendants, "Defendants") move for an order staying further proceedings in this case, or in the alternative for dismissal of Plaintiffs' First Amended Complaint ("FAC") pending arbitration of Plaintiffs' claims under the Federal Arbitration Act ("FAA"). The Employee Defendants initiated an arbitration against Plaintiff Paskenta Band of Nomlaki Indians (the "Tribe"), in which they assert the Tribe breached the terms of each Employee Defendant's Executive Employment Agreement ("EEA") by terminating each Employee Defendant's employment with the Tribe; Defendants argue that since each EEA contains an arbitration clause, the FAA requires Plaintiffs to arbitrate the claims in their FAC.

Plaintiffs oppose Defendants' motion and filed a counter-motion to stay the arbitration, in which Plaintiffs argue no arbitration agreement exists between the Tribe and the Employee Defendants because the signatures on the EEAs were forged, and therefore the purported EEAs are nullities. Plaintiffs support their forgery argument citing, inter alia, a declaration in which a purported EEA signee named Andrew Freeman declares he did not sign the EEA purporting to bear his signature. (A. Freeman Decl. ¶ 5, ECF No. 67-5.) Plaintiffs also present the opinion of a handwriting expert who determined each individual whose name appears on an EEA "probably did not write" the purported signature. (Mohammed Decl. Ex. A, ECF No. 67-7.)

1  Defendants respond that Plaintiffs' signature authenticity assertions need not be resolved because this dispute has been rendered moot since the Tribe agreed to arbitration with the Employee Defendants when it adopted Tribal Resolution No. 2014-9-8 ("the Resolution"), which states: "the Tribal Council hereby ratifies, confirms, approves and adopts all existing Executive Employment Contracts between the Tribe and John Crosby, Ines Crosby, Larry Lohse, and Leslie Lohse, respectively." (G. Freedman Decl. Ex. 3.) Defendants support this argument with the declarations of three former Tribal Council members who each declare that on September 8, 2014, "four of the five members of the Tribal Council duly passed [the Resolution]." (G. Freeman Decl. ¶¶ 7-8; D. Swearinger ¶¶ 7-8, ECF No. 55-3; A. Swearinger ¶¶ 7-8, ECF No. 55-4.)

Plaintiffs disagree, arguing the Resolution could not create an arbitration agreement between the Tribe and the Employee Defendants because under federal common law, which Plaintiffs contend governs the dispute concerning whether an arbitration agreement exists, a forged agreement cannot be ratified. Plaintiffs cite in support of their position Samuel Williston, 12 Williston on Contracts, which states, "[a]lthough there is some authority that a principle may ratify an instrument forged by an agent, the great weight of authority at common law denied the possibility of ratification of a forgery." § 35:29 (4th ed.).

Defendants argue federal common law "does not speak to the issue of whether a forged agreement can be validly ratified" and because of "the dearth of federal common law on the topic,

3

1  California law applies" to the question whether the Resolution
2  ratified each EEA. Defendants contend under California law a
3  principal can ratify a forged agreement. (Defs.' Reply 2:19, ECF
4  No. 70.)
5     Defendants have not shown what principles govern
6  determination of what constitutes federal common law, nor that
7  federal common law is silent on the issue of whether the
8  Resolution renders irrelevant a claim that the purported
9  signatures on the EEAs are forgeries. See GECCMC 2005-C1 Plummer
10 St. Office Ltd. P'ship v. JPMorgan Chase Bank, Nat'l Ass'n, 671
11 F.3d 1027, 1033 (9th Cir. 2012) (holding that "[u]nder federal
12 common law, [courts] look[] to 'general principles for
13 interpreting contracts'"); and Fleming v. U.S. Postal Serv. AMF
14 O'Hare, 27 F.3d 259, 260 (7th Cir. 1994) (recognizing Williston
15 on Contracts as one recognized source of "general principle[s] of
16 contract law"); see also U.S. v. Cal., 507 U.S. 746, 756 (1993)
17 (favorably citing Williston). The party seeking arbitration "has
18 the burden of proving the existence of an agreement to arbitrate
19 by a preponderance of the evidence." Knutson v. Sirius XM Radio
20 Inc., 771 F.3d 559, 565 (9th Cir. 2014). Defendants have not
21 satisfied this burden since they have not presented any evidence
22 from which a reasonable inference could be drawn that the EEA
23 signatures are authentic, and have not shown that the Resolution
24 resolves this dispute.
25 ///
26 ///
27 ///
28 ///

4

For the stated reasons, Defendants' motion for a stay pending arbitration is DENIED and Plaintiffs' counter-motion to stay the arbitration is GRANTED.

Dated: July 9, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge