UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>INES CROSBY; JOHN CROSBY; LESLIE LOHSE; LARRY LOHSE; TED PATA; JUAN PATA; CHRIS PATA; SHERRY MYERS; FRANK JAMES; UMPQUA BANK; UMPQUA HOLDINGS CORPORATION; CORNERSTONE COMMUNITY BANK; CORNERSTONE COMMUNITY BANCORP; JEFFERY FINCK; GARTH MOORE; HARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.; ASSOCIATED PENSION CONSULTANTS, INC.; HANESS & ASSOCIATES, LLC; ROBERT M. HANESS; THE PATRIOT GOLD & SILVER EXCHANGE, INC. and NORMAN R. RYAN,<br><br>        Defendants,<br><br>SILVER QUICKEN LOANS, INC.; CRP 111 WEST 141ST LLC; CASTELLAN MANAGING MEMBER LLC; CRP WEST 168TH STREET LLC; and CRP SHERMAN AVENUE LLC,<br><br>        Nominal Defendants. | No. 2:15-cv-00538-GEB-CMK<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME** |

On July 9, 2015, Plaintiffs filed an ex parte application for an order shortening time ("OST") seeking an

1

accelerated hearing on their motion for a preliminary injunction ("PI"), which is currently noticed for hearing on July 27, 2015. (Pls.' Appl. OST, ECF No. 77.) Plaintiffs seek in the PI motion an order freezing certain Defendants' assets during the pendency of this lawsuit. (See Pls.' Mot. PI, ECF No. 72.) Plaintiffs "request acceleration of th[e] hearing date" on their PI motion, contending they learned two days after filing the motion that Defendant Crosby has attempted to sell property that is involved in the PI motion, specifically a sports car. (Pls.' Appl. OST 1:10-12; see also Decl. Andrew Purdy ¶ 2, ECF No. 77-1.)

Defendants John Crosby, Ines Crosby, Leslie Lohse, and Larry Lohse (collectively "Defendants") oppose the OST application, rejoining "the emergency that Plaintiffs claim supports an order shortening time does not exist." (Defs.' Opp'n 2:8-9, ECF No. 78.) Defendants submit the Declaration of Defendant Crosby in support of their opposition, in which he avers that as of "July 2, 2015, [he has] made no further efforts to sell the [referenced sports] car, and [he is] not going to sell the car until at least after the preliminary injunction motion is decided." (Decl. John Crosby ¶ 4, ECF No. 78-1.)

Local Rule 144(e) prescribes, in relevant part, that "[e]x parte applications to shorten time will not be granted except upon affidavit of counsel showing **a satisfactory explanation for the need for the issuance of such an order**." (emphasis added). Absent a sufficient showing concerning "the circumstances claimed to justify the issuance of an order shortening time," the prescribed manner for handling law and motion should not be disregarded. Id. Plaintiffs have not shown

2

sufficient explanation for the need of the issuance of an OST. Therefore, Plaintiffs' application for an OST is DENIED.

Dated: July 10, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge