UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION,<br><br>        Plaintiffs,<br><br>  v.<br><br>INES CROSBY; JOHN CROSBY; LESLIE LOHSE; LARRY LOHSE; TED PATA; JUAN PATA; CHRIS PATA; SHERRY MYERS; FRANK JAMES; UMPQUA BANK; UMPQUA HOLDINGS CORPORATION; CORNERSTONE COMMUNITY BANK; CORNERSTONE COMMUNITY BANCORP; JEFFERY FINCK; GARTH MOORE; HARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.; ASSOCIATED PENSION CONSULTANTS, INC.; HANESS & ASSOCIATES, LLC; ROBERT M. HANESS; THE PATRIOT GOLD & SILVER EXCHANGE, INC. and NORMAN R. RYAN,<br><br>        Defendants,<br><br>SILVER QUICKEN LOANS, INC.; CRP 111 WEST 141ST LLC; CASTELLAN MANAGING MEMBER LLC; CRP WEST 168TH STREET LLC; and CRP SHERMAN AVENUE LLC,<br><br>        Nominal Defendants. | No. 2:15-cv-00538-GEB-CMK<br><br>**ORDER DENYING PLAINTIFFS' SEALING REQUEST** |

1

1          On July 10, 2015, Plaintiffs filed a Stipulation and
2 Proposed Sealing Order, in which Plaintiffs seek to have sealed
3 the documents in ECF No. 72-2, which consist of "the Declaration
4 of Brandin Paya in Support of Plaintiffs' Motion [and] . . . an
5 attached Exhibit A." (Stipulation & Proposed Order ("Stip.") 1:5-
6 6, ECF No. 80.) Plaintiffs state the referenced filing "failed to
7 redact certain private information, identifying information of
8 Defendants', including full social security numbers, home
9 addresses, dates of birth, and driver's license numbers," and
10 contend since this "identifying information . . . may be readily
11 accessed and used to perpetrate a criminal act," the documents
12 should be sealed. (Id. 1:6-8; 1:12-13.)
13          This sealing request is overbroad since Plaintiffs have
14 not shown why targeted redactions would be inadequate to protect
15 the referenced private information, nor have they provided such
16 redactions for the Court's consideration. "[G]iven our strong
17 tradition of open court proceedings," a sealing order "should
18 sweep no more broadly than necessary" to protect what is shown to
19 be deserving of secrecy; and "the district court [is required to]
20 consider alternatives to closure, such as redaction." U.S. v.
21 Index Newspapers LLC, 766 F.3d 1072, 1095, 1096 (9th Cir. 2014).
22          Federal Rule of Civil Procedure 5.2(a) authorized
23 Plaintiffs to redact, without obtaining a court order, portions
24 of the referenced social security numbers and the dates of birth
25 they seek to seal, but Plaintiffs have not shown that all of the
26 remaining portion of the sealing order they seek is a "closure
27 remedy [that] is narrowly confined to protect th[e] interest[s]"
28 sought to be protected from public disclosure. Perry v. City and

County of San Francisco, No. 10-16696, 2011 WL 2419868, at *21 (9th Cir. 2011).

Since Plaintiffs have not addressed why the privacy interests involved in their sealing request could not be protected by proposed specified redactions to ECF No. 72-2, the sealing request is denied.

Dated:  July 13, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge