Stuart G. Gross (State Bar No. 251019)
Daniel C. Goldberg (State Bar No. 287923)
GROSS LAW, P.C.
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
Telephone:    (415) 671-4628
Facsimile:    (415) 480-6688
sgross@gross-law.com
dgoldberg@gross-law.com

Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
jsaveri@saverilawfirm.com
apurdy@saverilawfirm.com

*Attorneys for Plaintiffs the Paskenta Band of Nomlaki Indians and the Paskenta Enterprises Corporation*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PASKENTA BAND OF NOMLAKI INDIANS**; and **PASKENTA ENTERPRISES CORPORATION**, <br><br> **Plaintiffs**, <br><br> v. <br><br> **INES CROSBY**; **JOHN CROSBY**; **LESLIE LOHSE**; **LARRY LOHSE**; **TED PATA**; **JUAN PATA**; **CHRIS PATA**; **SHERRY MYERS**; **FRANK JAMES**; **UMPQUA BANK**; **UMPQUA HOLDINGS CORPORATION**; **CORNERSTONE COMMUNITY BANK**; **CORNERSTONE COMMUNITY BANCORP**; **JEFFERY FINCK**; **GARTH MOORE**; **GARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.**; **ASSOCIATED PENSION CONSULTANTS, INC.**; **HANESS & ASSOCIATES, LLC**; **ROBERT M. HANESS**; **THE PATRIOT GOLD & SILVER EXCHANGE, INC.**; and **NORMAN R. RYAN**, <br><br> **Defendants**, <br><br> **QUICKEN LOANS, INC.**; **CRP 111 WEST 141ST LLC**; **CASTELLAN MANAGING MEMBER LLC.**; **CRP WEST 168TH STREET LLC**; and **CRP SHERMAN AVENUE LLC**, <br><br> **Nominal Defendants**. | CASE NO. 2:15-cv-00538-GEB-CMK <br><br> **STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the undersigned parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information under seal. Instead, Civil Local Rule 141 ("Sealing of Documents") sets forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, including from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a Party to this action, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators). House Counsel does not include Outside Counsel or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel: attorneys, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators) who are not employees of a Party to this action but are retained to represent or advise a Party to this action.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL"

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Order do not cover the following information: (a)

any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under this Order. The Designating Party, to the extent practicable, shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. In situations where it is not practicable to designate only those parts of material, documents, items, or oral or written communications that qualify for protection under this Order, the Designating Party is not relieved from the obligation under Section 5.2 (as qualified by Section 5.2(a)) to designate before disclosure or production of the material, documents, items, or oral or written communications that portions of those qualify for protection under this Order.  Absent such a designation, the Receiving Party shall have no obligation to treat the disclosed material, documents, items, or oral or written communications as "CONFIDENTIAL" unless and until notified pursuant to Section 5.3 of an

inadvertent failure to designate.

Mass or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must within a reasonable time notify all other Parties that it is withdrawing or modifying the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*e.g.*, Section 5.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) For testimony given in deposition, that the Designating Party designate any testimony or exhibits "CONFIDENTIAL" either on the record before the close of the deposition or in writing on or

1  before the later of thirty (30) days after receipt of the final transcript or the date by which any review
2  by the witness and corrections to the transcript are to be completed under Federal Rule of Civil
3  Procedure 30. If any portion of a deposition is designated, the transcript shall be labeled with the
4  appropriate legend. If any portion of a videotaped deposition is designated, the original and all copies
5  of any videotape, DVD, or other media container shall be labeled with the appropriate legend. Pending
6  designation as set forth above, the entire transcript, including exhibits, shall be deemed
7  "CONFIDENTIAL." If no designation is made within the time period above, the transcript shall be
8  considered not to contain any "CONFIDENTIAL" information.

9  Any Protected Material that is used in the taking of a deposition shall remain subject to the
10  provisions of this Order, along with the transcript pages and videotape of the deposition testimony
11  dealing with such Protected Material. Counsel for any Producing Party shall have the right to exclude
12  from oral depositions, other than the deponent and deponent's counsel, any person who is not
13  authorized by this Order to receive or access Protected Material based on the designation of such
14  Protected Material. Such right of exclusion shall be applicable only during periods of examination or
15  testimony regarding such Protected Material.

16  (c) For all other information or tangible items, that the Producing Party affix in a prominent
17  place on the exterior of the container or containers in which the information or item is stored the legend
18  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the
19  Producing Party, to the extent practicable, shall identify the protected portion(s).

20  5.3   Inadvertent Failures to Designate. If a Producing Party discovers that
21  "CONFIDENTIAL" information or items that it produced were inadvertently not designated as
22  Protected Material, the Producing Party may notify all other Parties of the error and identify the
23  affected information or items and their new designation. Thereafter, the information or items so
24  designated will be treated as Protected Material. After providing such notice, the Producing Party shall
25  provide re-labeled copies of the information or items to each Receiving Party reflecting the change in
26  designation.

27  An inadvertent failure to designate qualified information or items does not, standing alone,
28  waive the Designating Party's right to secure protection under this Order for such material. Upon

correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Upon receiving the Protected Material with the correct confidentiality legend, the Receiving Parties shall return or securely destroy, at the Receiving Parties' option, all Discovery Material reasonably accessible to the Receiving Party that was not designated correctly. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  Meet and Confer. The Challenging Party shall initiate a designation of confidentiality challenge by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall thereafter attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient). A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3  Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party, or after the Designating Party is unwilling to participate in the meet and confer process in a timely manner, may file and serve a motion in compliance with Civil Local Rule 251 (and in compliance with Civil Local Rule 141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue or that the Designating Party was unwilling to meet and confer in a timely manner.

The burden of persuasion in any challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or any related proceeding, evaluating coverage, resolution of a coverage dispute, or pursuit of subrogation rights under the insurance policies at issue in this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a) The Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

   (b) The current or former officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) The parties' accountants and auditors and Defendant's insurers and reinsurers (but only so long as they are already subject to confidentiality obligations substantially similar to those provided for in this Order);

(d) Regulators to which Defendant may be required to respond or report in the ordinary course of business;

(e) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) The Court and its personnel;

(g) Court reporters, stenographers, and videographers retained to record testimony in this action and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) During their depositions or preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed to by the Designating Party or ordered by the Court;

(i) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(k) Any mediator who is assigned to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

8. <u>PROTECTED MATERIAL REQUESTED, SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a document request, investigatory demand for documents, subpoena or a court order ("Document Demand") issued in other litigation or government investigation compels disclosure, or if disclosure is required by a government entity, regulatory agency, operation of law, or other legal requirement, of any information or items designated in this action as "CONFIDENTIAL,"

that Party must:

(a) Within three (3) business days notify in writing the Designating Party, where permitted by law to provide such notification. Such notification shall include a copy of the Document Demand;

(b) Promptly notify in writing the party who caused the Document Demand to issue in the other litigation that some or all of the material covered by the Document Demand is subject to this Order. Such notification shall include a copy of this Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the Document Demand shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the Document Demand issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or requiring a Receiving Party in this action to disobey a lawful directive from any court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) Promptly provide the Non-Party with a copy of this Order and the relevant discovery request(s); and

(3) Make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information subject to a claim of attorney-client privilege, work product protection or other privilege or protection is inadvertently produced, such production shall not constitute automatic waiver of such privilege or protection pursuant to Federal Rule of Evidence 502. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party

waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141 unless otherwise instructed by the Court.

12.4   Admissibility.  Nothing herein shall be construed to affect in any manner the admissibility at trial or in any other proceeding of any document, testimony, or other evidence.

13.   FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except that the persons and entities identified in subparagraphs 7.2(a)-(d) may retain copies of any Protected Material (including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material) produced to them as reasonably necessary to comply with future requests for review by reinsurers, auditors and regulators, or as necessary to exercise or enforce any subrogation rights, or as necessary to meet other business requirements.  When such retention is no longer needed, such persons and entities shall return the retained documents or destroy those documents in accordance with their standard record destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order.  Any person or entity retaining such Protected Material shall maintain its confidentiality in accordance with this Order until such documents are returned or destroyed.  This paragraph does not apply to any documents or information ordered produced by a court without the limitations set forth in this Order.  To the extent any Party or Non-Party retains any Protected Material pursuant to a separate written agreement, the terms of this Order will continue to govern.

Notwithstanding the provisions of this Paragraph, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14. <u>PRIVILEGED DOCUMENTS</u>

Pursuant to Federal Rule of Evidence 502(b), if information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another party, or the information appears on its face to have been inadvertently produced, the Receiving Party shall within ten (10) business days return the information to the claiming party or person and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal). The party returning such material may then move the Court for an Order compelling production of the material, which shall be filed under seal, and said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

The Producing Party must provide a privilege log in place of any returned or destroyed materials, and must preserve the materials at issue until any challenge to the claimed privilege or protection is resolved.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | | |
|---|---|---|
| Dated: July 28, 2015 | | JOSEPH SAVERI LAW FIRM, INC. |

By:     /s/ *Andrew M. Purdy*
            Andrew M. Purdy

Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com
apurdy@saverilawfirm.com

Dated: July 28, 2015        GROSS LAW, P.C.

By:     /s/ *Stuart G. Gross*
            Stuart G. Gross

Stuart G. Gross (State Bar. No. 251019)
Daniel C. Goldberg (State Bar No. 287923)
GROSS LAW, P.C.
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
Telephone:  (415) 671-4628
Facsimile:  (415) 480-6688
sgross@gross-law.com
dgoldberg@gross-law.com

*Attorneys for Plaintiffs the Paskenta Band of Nomlaki Indians and the Paskenta Enterprises Corporation*

DATED: July 28, 2015                LIBERTY LAW, A.P.C.

                                    By:     */s/ John M. Murray* (authorized on 7/14/15)
                                              John M. Murray

                                    John M. Murray
                                    LIBERTY LAW, A.P.C.
                                    2150 N. Main Street, Unit 10
                                    Red Bluff, CA 96080
                                    Telephone:     (530) 896-1152

                                    *Attorneys for Defendants Ines Crosby, John Crosby, Leslie Lohse, Larry Lohse, Ted Pata, Juan Pata, Chris Pata, Sherry Myers, Frank James, The Patriot Gold & Silver Exchange, Inc. and Norman R. Ryan*

DATED: July 28, 2015                REED SMITH, LLP

                                    By:     */s/ Kasey Curtis* (authorized on 7/14/15)
                                              Kasey Curtis

                                    Kasey Curtis
                                    REED SMITH, LLP
                                    355 South Grand Avenue
                                    Suite 2900
                                    Los Angeles, CA 90071
                                    Telephone:     (213) 457-8061
                                    Facsimile:     (213) 457-8080
                                    shjacobs@reedsmith.com

                                    *Attorneys for Defendants Umpqua Bank and Umpqua Holdings Corporation*

DATED: July 28, 2015                KLINEDINST

                                    By:     */s/ Kristin Blake* (authorized on 7/14/15)
                                              Kristin Blake

                                    Kristin Blake
                                    KLINEDINST
                                    801 K Street, Ste. 2100
                                    Sacramento, California 95814
                                    Telephone:     (916) 444-7573
                                    Facsimile:     (916) 444-7544
                                    NVance@KlinedinstLaw.com

                                    *Attorneys for Defendants Garth Moore, and Garth Moore Insurance and Financial Services, Inc.*

| | |
|---|---|
| DATED: July 28, 2015 | MURPHY, PEARSON, BRADLEY, & FEENEY |
| | By:  */s/ William Munoz* (authorized on 7/20/15)<br>        William Munoz |
| | William Munoz<br>MURPHY, PEARSON, BRADLEY, & FEENEY<br>520 Capitol Mall, Suite 250<br>Sacramento, CA 95814<br>Telephone:    (916) 565-0300<br>Facsimile:     (916) 565-1636<br>wmunoz@mpbf.com |
| | *Attorneys for Defendant Associated Pension Consultants, Inc.* |
| DATED: July 28, 2015 | DOWNEY BRAND LLP |
| | By:  */s/ Avalon J. Fitzgerald*   (authorized 7/14/15)<br>        Avalon J. Fitzgerald |
| | Avalon J. Fitzgerald<br>DOWNEY BRAND LLP<br>621 Capitol Mall 18th Floor<br>Sacramento, CA 95814<br>Telephone:    (916) 444-1000<br>Facsimile:     (916) 444-2100<br>kseibert@downeybrand.com |
| | *Attorneys for Defendants Haness & Associates, LLC, and Robert M. Haness* |
| DATED: July 28, 2015 | KRAFT OPITCH, LLP |
| | By:  */s/ John McCardle* (authorized on 7/21/15)<br>        John McCardle |
| | John McCardle<br>KRAFT OPITCH, LLP<br>7509 Madison Ave.<br>Citrus Heights, CA 95610<br>Telephone:    (916) 880-3040<br>jmccardle@kraftopich.com |
| | *Attorneys for Defendants Cornerstone Community Bank, Cornerstone Community Bancorp, and Jeffrey Finck* |

DATED: July 28, 2015                    SHEIK LAW

                                                By:   */s/ Mani Sheik* (authorized on 7/20/15)
                                                            Mani Sheik

Mani Sheik
SHEIK LAW
One Maritime Plaza
Suite 1000
San Francisco, CA 94111
Telephone:    (415) 205-8490
mani@sheiklaw.us

*Attorneys for Defendants CRP 111 West 141st LLC, Castellan Managing Member LLC, CRP West 168th Street LLC, CRP Sherman Avenue LLC*

I attest that concurrence in the filing of this document has been obtained from each of the other signatories above.

DATED: July 28, 2015                    By:     */s/ Andrew M. Purdy*
                                                                    Andrew M. Purdy

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  July 28, 2015

                                                                    CRAIG M. KELLISON
                                                                      UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [FULL NAME], of _____ [FULL ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Eastern District of California on _____ [DATE] in the case of *Paskenta Band Of Nomlaki Indians; and Paskenta Enterprises Corporation; Plaintiffs, v. Ines Crosby; John Crosby; Leslie Lohse; Larry Lohse; Ted Pata; Juan Pata; Chris Pata; Sherry Myers; Frank James; Umpqua Bank; Umpqua Holdings Corporation; Cornerstone Community Bank; Cornerstone Community Bancorp; Jeffery Finck; Garth Moore Insurance and Financial Services, Inc.; Associated Pension Consultants, Inc.; Haness & Associates, LLC; Robert M. Haness; The Patriot Gold and Silver Exchange, Inc.; and Norman R. Ryan; CRP 111 West 141ST LLC; Castellan Managing Member LLC; CRP West 168th Street LLC; and CRP Sherman Avenue LLC; Nominal Defendants,* Case No. 2:15-cv-00538-GEB-CMK. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State (or Country if outside the United States) where sworn and signed:
_____

Printed name: _____

Signature: _____