UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>INES CROSBY; JOHN CROSBY; LESLIE LOHSE; LARRY LOHSE; TED PATA; JUAN PATA; CHRIS PATA; SHERRY MYERS; FRANK JAMES; UMPQUA BANK; UMPQUA HOLDINGS CORPORATION; CORNERSTONE COMMUNITY BANK; CORNERSTONE COMMUNITY BANCORP; JEFFERY FINCK; GARTH MOORE; GARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.; ASSOCIATED PENSION CONSULTANTS, INC.; HANESS & ASSOCIATES, LLC; ROBERT M. HANESS; THE PATRIOT GOLD & SILVER EXCHANGE, INC.; and NORMAN R. RYAN;<br><br>        Defendants,<br><br>CRP 111 WEST 141ST LLC; CASTELLAN MANAGING MEMBER LLC; CRP WEST 168TH STREET LLC; and CRP SHERMAN AVENUE LLC;<br><br>        Nominal Defendants.[*] | No.  2:15-cv-00538-GEB-CMK<br><br>**ORDER DECLINING TO SIGN STIPULATION & PROPOSED ORDER** |

---

[*] This caption has been amended according to Plaintiffs' Notice of Voluntary Dismissal of Quicken Loans, Inc. (ECF No. 75.)

1

1    Defendants CRP 111 West 141st LLC, CRP West 168th
2 Street LLC, CRP Sherman Avenue LLC, and Castellan Managing Member
3 LLC ("Nominal Defendants") and Plaintiffs filed a stipulation and
4 proposed order on April 24, 2015, which concerns the resolution
5 of Plaintiffs' claims against the Nominal Defendants.
6    The stipulation contains a provision stating "the Court
7 shall retain jurisdiction over the [Nominal Defendants] for the
8 purpose of enforcing this Order and matters related thereto."
9 (Stipulation ¶ 5, ECF No. 35.)  However, the stipulating parties
10 have not shown why the Court should retain jurisdiction as
11 stipulated, and "the mere fact that the parties agree that the
12 court [shall] exercise continuing jurisdiction is not binding on
13 the court."  Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269
14 (9th Cir. 1996); see also Jessup v. Luther, 277 F.3d 926, 929
15 (7th Cir. 2002) (observing that a settlement "is just another
16 contract to be enforced in the usual way, that is, by fresh
17 suit") (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,
18 378-82 (1994)) (additional citations omitted).
19    Further, it is unclear whether any party opposes any
20 portion of the stipulation and proposed order; the stipulation
21 does not indicate the position of any non-stipulating party
22 concerning its terms. Nor has it been shown that any party who
23 may oppose the stipulation was obligated by a federal or local
24 rule to file such opposition to the stipulation.
25 ///
26 ///
27 ///
28 ///

2

1 | For the stated reasons, the Court declines to sign the
2 | referenced stipulation and proposed order.
3 | Dated: August 5, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge