1

2

3

4

5                      EASTERN DISTRICT OF CALIFORNIA

6

7    PASKENTA BAND OF NOMLAKI            No. 2:15-cv-00538-GEB-CMK
     INDIANS; and PASKENTA
8    ENTERPRISES CORPORATION,

9              Plaintiffs,             **ORDER DENYING PLAINTIFFS'**
                                       **REQUEST FOR PRELIMINARY**
10        v.                           **INJUNCTION**

11   INES CROSBY; JOHN CROSBY;
     LESLIE LOHSE; LARRY LOHSE;
12   TED PATA; JUAN PATA; CHRIS
     PATA; SHERRY MYERS; FRANK
13   JAMES; UMPQUA BANK; UMPQUA
     HOLDINGS CORPORATION;
14   CORNERSTONE COMMUNITY BANK;
     CORNERSTONE COMMUNITY
15   BANCORP; JEFFERY FINCK; GARTH
     MOORE; GARTH MOORE INSURANCE
16   AND FINANCIAL SERVICES, INC.;
     ASSOCIATED PENSION
17   CONSULTANTS, INC.; HANESS &
     ASSOCIATES, LLC; ROBERT M.
18   HANESS; THE PATRIOT GOLD &
     SILVER EXCHANGE, INC. and
19   NORMAN R. RYAN,

20             Defendants,

21   CRP 111 WEST 141ST LLC;
     CASTELLAN MANAGING MEMBER
22   LLC; CRP WEST 168TH STREET
     LLC; and CRP SHERMAN AVENUE
23   LLC,

24             Nominal
               Defendants.
25

26        Plaintiffs seek a preliminary injunction "imposing an

27   immediate freeze on the assets of Defendants John Crosby, Ines

28   Crosby, Leslie Lohse, and Larry Lohse," with an exception for

                                    1

1  "reasonable living expenses[] and a collective allowance of

2  $10,000 in attorneys' fees and costs." (Pls.' Mem. P&A ISO Mot.

3  Prelim. Inj. ("Mot.") 1:4-5; 33:10-12, ECF No. 72-10.)

4         To justify an injunction, a plaintiff "must establish

5  that irreparable harm is likely, not just possible." Alliance for

6  the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir.

7  2011). "Typically, monetary harm alone does not constitute

8  irreparable harm . . . . Therefore, a party seeking an asset

9  freeze has the additional burden of showing 'a likelihood of

10 dissipation of the claimed assets, or other inability to recover

11 monetary damages, if relief is not granted.'" Fid. Nat'l Title

12 Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, at *5-6

13 (N.D. Cal. Nov. 23, 2011) (internal citation omitted). "Courts

14 have construed this standard narrowly, only exercising their ...

15 authority . . . where there is considerable evidence of likely

16 dissipation." Allstate Ins. Co. v. Baglioni, No. CV-11-06704-DDP-

17 VBKX, 2011 WL 5402487, at *2 (C.D. Cal. Nov. 8, 2011).

18        Plaintiffs argue Defendants' "consistent pattern of

19 theft, fraudulent behavior, and attempts to evade liability,"

20 demonstrate "there is a substantial likelihood that [they] will

21 dissipate Tribal assets to frustrate any potential judgment" in

22 the absence of an injunction. (Mot. 6:22-7:1; 6:18-20.)

23        Defendants respond Plaintiffs' evidence is insufficient

24 to justify the extraordinary remedy they seek since "Plaintiffs

25 lump all Defendants together . . . and broadly assert all

26 Defendants should be enjoined. Plaintiffs, however, are seeking

27 injunctions against each individual and are therefore required to

28 show that each individual is likely to dissipate assets or put

1   them beyond the reach of the Court."[1] (Defs.' Opp'n Mot. Prelim.

2   Inj., 8:21-25, ECF No. 87.)

3         Plaintiffs have failed to present evidence justifying

4   the injunctive relief they seek.

5         Therefore, Plaintiffs preliminary injunction motion is

6   DENIED.

7   Dated:  August 14, 2015

8

9

10                                 GARLAND E. BURRELL, JR.
                                Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                      
  [1]    Defendants also raise a facial attack on the district court's subject

27   matter jurisdiction over Plaintiffs' claims by incorporating the arguments
  presented in an earlier decided dismissal motion. (ECF No. 52.) However,

28   Defendants' earlier conclusory arguments failed to show that the court lacks
  subject matter jurisdiction over this lawsuit.