Stuart G. Gross (State Bar No. 251019)
Daniel C. Goldberg (State Bar No. 287923)
GROSS LAW, P.C.
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
Telephone:     (415) 671-4628
Facsimile:     (415) 480-6688
sgross@gross-law.com
dgoldberg@gross-law.com

Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
jsaveri@saverilawfirm.com
apurdy@saverilawfirm.com

*Attorneys for Plaintiffs*
[Additional Attorneys on signature page]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>INES CROSBY; JOHN CROSBY; LESLIE LOHSE; LARRY LOHSE; TED PATA; JUAN PATA; CHRIS PATA; SHERRY MYERS; FRANK JAMES; UMPQUA BANK; UMPQUA HOLDINGS CORPORATION; GARTH MOORE; GARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.; ASSOCIATED PENSION CONSULTANTS, INS.,; HANESS & ASSOCIATES, LLC; ROBERT M. HANESS; THE PATRIOT GOLD & SILVER EXCHANGE, INC.; and NORMAN R. RYAN,<br><br>Defendants.<br><br>QUICKEN LOANS INC., | CASE NO.: 2:15-cv-00538-GEB-CMK<br><br>**STIPULATION AND ORDER FOR LEAVE TO AMEND**<br><br>[Local Rule 144(a)]<br><br>Compl. Filed:     March 10, 2015<br><br>The Honorable Garland E. Burrell, Jr.<br><br>Magistrate Judge Craig M. Kellison |

**STIPULATION**

Plaintiffs Paskenta Bank of Nomlaki Indians and Paskenta Enterprises Corporation ("Plaintiffs"), Defendants Ines Crosby, et. al. (collectively, "Defendants") enter into this Stipulation through their respective counsel, with respect to the following facts:

**RECITALS**

1. On August 14, 2015 the Court granted in part and denied in part Umpqua's motion to dismiss the First Amended Complaint. Plaintiffs filed their Second Amended Complaint on September 25, 2015, and Defendants have until November 2, 2015 to file their response to the SAC;

2. Plaintiffs noticed the deposition of three witnesses of Umpqua Bank and Umpqua Holdings Corporation ("Umpqua") to take place prior to the September 25, 2015 deadline for Plaintiffs to file their Second Amended Complaint;

3. Two of the three depositions took place on September 9, 2015. However, because the third witness is currently out on medical leave and will remain on medical leave until at least the beginning of October, Umpqua is presently unable to make the third witnesses available;

4. Counsel for the parties have tentatively scheduled the third witness's deposition for October 8th or 9th, 2015—shortly after the third witness is scheduled to return from medical leave. Assuming the third witness returns from leave as scheduled and is medically cleared to proceed with the deposition, the parties plan to proceed with the witness's deposition on October 8th or 9th, 2015. Further, Plaintiffs shall have until October 16, 2015 to file a Third Amended Complaint and on that date will provide a redline identifying all changes between the Second Amended Complaint and the Third Amended Complaint. Plaintiffs agree that any Third Amended Complaint: (1) will not add or amend allegations relating to any of the Defendants other than Umpqua, except to the extent that such new or amended allegations relating to Umpqua involve other Defendants; (2) will maintain the same paragraph numbering as the Second Amended Complaint; and that (3) Defendants shall have 21 days to respond.

5. In the event the witness does not return from leave as scheduled or is not medically cleared to proceed on October 8th or 9th, the Parties have agreed to work together to schedule the witness's deposition as soon thereafter as reasonably practicable. The parties will also work

1  together on a subsequent stipulation that will propose modifying the current scheduling deadlines to
2  ensure that: (1) Plaintiffs have one week after taking the witness's deposition to file a Third
3  Amended Complaint; and (2) Defendants' deadline to respond to the operative complaint is extended
4  sufficiently to ensure that Defendants are not required to respond to the Second Amended Complaint
5  unless Plaintiffs have made the decision to forgo filing a Third Amended Complaint.  Plaintiffs shall
6  notify Defendants of whether or not they intend to file a Third Amended Complaint no less than two
7  weeks prior to the deadline for responding to the Second Amended Complaint.

8  **IT IS THEREFORE STIPULATED AND AGREED** by the Parties, through the
9  undersigned, subject to Court approval that:

10         1.      In the event the deposition of the third witness proceeds on October 8th or 9th, 2015,
11  Plaintiffs may file a Third Amended Complaint on or before October 16, 2015 and on that date will
12  provide a redline identifying all changes between the Second Amended Complaint and the Third
13  Amended Complaint.  Any Third Amended Complaint: (1) will not add or amend allegations
14  relating to any of the Defendants other than the Umpqua, except to the extent that such new or
15  amended allegations relating to Umpqua involve other Defendants; (2) will maintain the same
16  paragraph numbering as the Second Amended Complaint; and that (3) Defendants shall have 21 days
17  to respond any Third Amended Complaint.

18         2.      In the event the deposition of the third witness does not proceed on October 8th or
19  9th, 2015, the Parties will work together to prepare and submit a stipulation and proposed order that
20  will propose modifying the scheduling deadlines in a manner consistent with Paragraph 5 above.
21  The stipulation and proposed order (or a joint report explaining why no stipulation could be reached)
22  shall be submitted no later than October 16, 2015.

23  DATED: October 1, 15                          GROSS LAW, P.C.

25                                    By:*/s/Stuart G. Gross*
                                         Stuart G. Gross
26                                       Attorneys for Plaintiffs PASKENTA BAND OF
                                         NOMLAKI INDIANS and PASKENTA
27                                       ENTERPRISES CORPORATION

| | | |
|---|---|---|
| 1 | DATED: October 1, 15 | KEKER & VAN NEST, LLP. |
| 2 | | By:*/s/ Ben Hur (by authorization on October 1, 15)* |
| 3 | | Ben Hur |
| | | Attorneys for Defendants INES CROSBY, JOHN CROSBY, LESLIE LOHSE, LARRY LOHSE, TED PATA, JUAN PATA, CHRIS PATA, SHERRY MYERS, and FRANK JAMES |

DATED: October 1, 15        LIBERTY LAW, A.P.C.

By:    */S/ John M. Murray (by authorization on October 1, 15)*
       John M. Murray
       Attorneys for Defendants THE PATRIOT GOLD & SILVER EXCHANGE, INC., and NORMAN R. RYAN

DATED: October 1, 15        REED SMITH, LLP

By:*/S/ Kasey Curtis (by authorization on October 1, 15)*
    Kasey Curtis
    Attorneys for Defendants UMPQUA BANK, AND UMPQUA HOLDINGS CORPORATION

DATED: October 1, 15        KLINEDINST

By:*/S/ Natalie Vance (by authorization on October 1, 15)*
    Natalie Vance
    Attorneys for Defendants GARTH MOORE, AND GARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.

DATED: October 1, 15        MURPHY, PEARSON, BRADLEY, & FEENEY

By:*/S/ Robert Lucase (by authorization on October 1, 15)*
    Robert Lucas
    Attorneys for Defendant ASSOCIATED PENSION CONSULTANTS, INC.

DATED: October 1, 15                    DOWNEY BRAND LLP

By: */S/ Meghan M. Baker (by authorization on October 1, 15)*
Meghan M. Baker
Attorneys for Defendants HANESS & ASSOCIATES, LLC, AND ROBERT M. HANESS

DATED: October 1, 15                    KRAFT OPITCH, LLP

By: */S/ John McCardle (by authorization on October 1, 15)*
John McCardle
Attorneys for Defendants CORNERSTONE COMMUNITY BANK, CORNERSTONE COMMUNITY BANCORP, AND JEFFERY FINCK

PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

Dated:  October 1, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge