Stuart G. Gross (State Bar No. 251019)
Daniel C. Goldberg (State Bar No. 287923)
GROSS LAW, P.C.
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
Telephone:     (415) 671-4628
Facsimile:     (415) 480-6688
sgross@gross-law.com
dgoldberg@gross-law.com

Joseph R. Saveri (State Bar No. 130064)
Andrew M. Purdy (State Bar No. 261912)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
jsaveri@saverilawfirm.com
apurdy@saverilawfirm.com

*Attorneys for Plaintiffs the Paskenta Band of Nomlaki Indians
and the Paskenta Enterprises Corporation*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PASKENTA BAND OF NOMLAKI INDIANS**; and **PASKENTA ENTERPRISES CORPORATION**,<br><br>          **Plaintiffs**,<br><br>    v.<br><br>**INES CROSBY**; **JOHN CROSBY**; **LESLIE LOHSE**; **LARRY LOHSE**; **TED PATA**; **JUAN PATA**; **CHRIS PATA**; **SHERRY MYERS**; **FRANK JAMES**; **UMPQUA BANK**; **UMPQUA HOLDINGS CORPORATION**; **CORNERSTONE COMMUNITY BANK**; **CORNERSTONE COMMUNITY BANCORP**; **JEFFERY FINCK**; **GARTH MOORE**; **GARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.**; **ASSOCIATED PENSION CONSULTANTS, INC.**; **HANESS & ASSOCIATES, LLC**; **ROBERT M. HANESS**; **THE PATRIOT GOLD & SILVER EXCHANGE, INC.**; and **NORMAN R. RYAN**,<br><br>          **Defendants**,<br><br>**QUICKEN LOANS, INC.**; **CRP 111 WEST 141ST LLC**; **CASTELLAN MANAGING MEMBER LLC.**; **CRP WEST 168TH STREET LLC**; and **CRP SHERMAN AVENUE LLC**,<br><br>          **Nominal Defendants**. | CASE NO. 2:15-cv-00538-GEB-CMK<br><br>**STIPULATION AND ORDER REGARDING THE PRODUCTION OF DOCUMENTS FOR PURPOSES OF DISCOVERY** |

IT IS HEREBY STIPULATED, by and between Plaintiffs Paskenta Band of Nomlaki Indians and the Paskenta Enterprises Corporation (collectively "Plaintiffs"), and Defendants Ines Crosby, et al. (collectively "Defendants") by and through their respective counsel (collectively, "Counsel"), pursuant to Civil Local Rule 143, that for purposes of producing documents pursuant to a party's discovery request under Federal Rule of Civ. Pro. 34 and Local Rule 250.3, as follows:

1.      "Electronically Stored Information," abbreviated as "ESI," and "documents" have the same meaning as used in Fed. R. Civ. Pro. 34(a)(1)(A).

2.      Responsive, non-objectionable, documents which are maintained as ESI in the ordinary course of business shall be produced in accordance with the following protocol:

a.      Subject to other provisions of this stipulation, all ESI shall be produced in 300 DPI Group IV Monochrome Tagged Image File Format (TIFF or .TIF) files, with linked native files. TIFF files shall be produced in single-page format, along with all metadata and image load files (.DAT file, .OPT file, .LFP file, and .DII).  All ESI shall be provided with extracted, document level (multi-page) searchable text (.TXT) files, to the extent available.  A party is under no obligation to produce a text file for a document (e.g., via OCR) if the text data is not present in the original file. These text files and image load files should indicate page breaks, to the extent available. The metadata load file shall contain a link to the produced native files through data values called "NATIVE LINK."

b.      During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values identified in Subsection (c) below should be extracted and produced, along with the added values identified in Subsection (d), in a load file ("metadata load file"). The parties reserve their rights to object to: the use of metadata for any purpose and the requirement that they produce certain or any metadata or added values identified in Subsections (c) and (d) for particular documents, including without limitation based on the ground that the metadata in question is not reasonably or readily accessible or that providing the added values would result in an undue burden. Any such objections must be made in writing and as soon as practicable and in no case later than the time of the production of the documents to which the objections apply. The foregoing rights to object are subject to any right of any receiving party or parties to move for an order allowing for the objected to use and/or requiring

STIPULATION [PROPOSED] ORDER REGARDING DOCUMENT PRODUCTION

989795.01

the producing party to perform the objected to actions. With the sole exception of the fields identified in Subsection (d) below, the parties are not obligated to manually populate any fields in the metadata load files if such fields cannot automatically be extracted from a document. To the extent any ESI contains information subject to a claim of privilege or any other applicable protection, its respective metadata may be redacted or withheld.  If metadata is redacted or withheld, the producing party shall so inform the requesting party through an appropriate privilege log entry; the producing party may employ a categorical approach to such logging, subject to any right of any receiving party or parties to move to compel the production of a privilege log containing further detail. Extracted and manually populated metadata shall be provided in metadata load files (.DAT file using standard Concordance delimiters). Nothing in this stipulation imposes an obligation on the parties to forensically collect documents or constitutes a waiver of the parties' right to demand that a forensic collection be performed.

        c.      Subject to other provision of this stipulation, the parties will extract and produce the following metadata values for ESI, to the extent available:

- Document Type [DOC_TYPE]
- File Extension [DOC_EXT]
- File Size [FILESIZE]
- MD5 Hash [MD5]
- Comments from document profile [COMMENTS]
- File Name [FILENAME][1]
- File Path [RELATIVEPATH][2]
- Author [AUTHOR]
- Last Edited By [LASTEDITOR]
- Created Date [DATECREATED]
- Last Saved Date [DATELASTSAVE]
- Last Modified Date [DATELASTMOD]
- Last Date Opened [DATELASTOPEN]]
- Time Zone [TIMEZONE]
- Time Created [TIMECREATED]
- Last Saved Date [TIMLASTSAVE]
- Last Modified Date [TIMELASTMOD]
- Last Time Opened [TIMELASTOPEN]
- Email Subject [SUBJECT]
- To [TO]
- From [FROM]
- Sender Combination [SENDERCOMB]

---

[1] In the event a document was not forensically gathered and its file name was changed and/or created in connection with, or subsequent to, its gathering, the producing party may, in lieu of another value, populate the File Name field of the document with the Bates number of the document's first page.

[2] In the event that a document is not forensically gathered, the producing party may, in lieu of another value, populate the RELATIVEPATH field of the document with the word "NON-FORENSIC."

STIPULATION AN [PROPOSED ORDER] REGARDING DOCUMENT PRODUCTION
989795.01

- Recipients [RECIPIENTS]
- Importance [IMPORTANCE]
- CC [CC]
- BCC [BCC]
- Received Date [DATERCVD]
- Received Time [TIMERCVD]
- Sent Date [DATESENT]
- Sent Time [TIMESENT]
- Email Folder (the folder the email was in) [FOLDER] (this information may be combined with the File Path to accommodate the output of some processing systems);

    d.  In addition, subject to other provision of this stipulation, all ESI will be produced with the following added values:

- Production Number Begin [BEGPROD]
- Production Number End [ENDPROD]
- Production Family Range Number Begin [PRODBEG_ATT]
- Production Family Range Number End [PRODEND_ATT]
- Attachment Name(s) [ATTACHLIST]
- Attachment Count [ATTACHCOUNT]
- Page count [PAGE NUMBER]
- Custodian [CUSTODIAN][3]
- Confidentiality Label [CONFLABEL] confidentiality language stamped on document
- Redaction label [REDACTED]

    e.  Parent/child relationships among email and attachments shall be maintained by ensuring that attachments immediately follow their parent email, and setting the PRODBEG_ATT and PRODEND ATT metadata fields such that the entries for the parent and for all attachments are identical.

    f.  With respect to ESI gathered from an individual's hard drive or from an individual's email account, the CUSTODIAN field shall provide, to the extent available, information sufficient to identify the custodian from whose hard drive or email account such ESI has been gathered; for ESI gathered from other sources, the CUSTODIAN field shall provide information sufficient to identify the location from which such ESI has been gathered (e.g., "Albany office network shared drive" or "John Doe's Dropbox Account").

---

[3] If documents are produced on behalf of between one and three CUSTODIANS, the producing party may identify such CUSTODIANS in an enclosure letter by listing each CUSTODIAN with corresponding BATES numbers.

989795.01

g.      The parties may de-duplicate identical ESI based on MD5 Hash values within and across custodians. In the event that a party de-duplicates ESI across custodians, the party shall provide with its production of the relevant ESI a report that indicates, by de-duplicated ESI, the identity of all custodians from whom the de-duplicated ESI was gathered but not produced.   Alternatively, the names of custodians of deduplicated copies of a document may be listed in a DUPLICATECUSTODIAN field in the .dat file.

h.      If available, audio and video files are to be produced in the native audio or video file format in which they were maintained in the ordinary course of business and in any processed format, including but not limited to, .WAV files, or compressed formats, e.g., mp3, as well as any format that reflects processing for use in a database.[4] Additionally, to the extent it exists, a log should be provided with the produced native audio or video files listing all information relating to the recordings, including but not limited to the date, time, and location of the recorded conversation, who is involved in the conversation, and any other descriptive information, including MD5 hash value. Producing parties are not required to create a log that does not already exist or populate a log with additional information.

i.       If a file that originates in ESI needs to be redacted before production, the file shall be rendered in TIFF, and the TIFF shall be redacted and produced without an accompanying native file and without a value in the corresponding NATIVE LINK field of the metadata load file. However, to the extent that the text is searchable in the native format, the producing party shall still provide searchable text for those portions of the document that have not been redacted.

j.       For any ESI that exists in encrypted format or is password-protected, the producing party shall undertake reasonable efforts to provide the propounding party a means to gain access to those native files (e.g., by supplying passwords).

k.      To the extent that responsive, non-objectionable ESI is maintained by the producing party, in the ordinary course of business, within a database (such as an Access, Oracle or SQL database), the parties will meet and confer on a manner for production of such ESI.

---

[4] Nothing in this stipulation constitutes a waiver of the parties' rights to seek production of enhanced versions of any recording or to object to the production of the same.

STIPULATION AN [PROPOSED ORDER] REGARDING DOCUMENT PRODUCTION

l.     With the exception of ESI covered by Subsection (k) of this Section, for non-redacted *un-TIFFable* types ESI—such as without limitation Microsoft Excel files, other spreadsheet files, audio files, and video files—parties shall produce, in lieu of rendered TIFFs, a TIFF slip sheet that indicates that the document was produced in native format, and the Bates number and confidentiality assigned to the file.  For redacted *un-TIFFable* ESI, the parties will meet and confer on a manner for production.

3.     Subject to a producing party's right to object and other parties corresponding right to move for an order to compel, Documents that are maintained in paper form in the ordinary course of business ("Paper Documents") shall be produced in accordance with the following protocol:

a.     All Paper Documents shall be scanned and produced as .TIFF or .TIF files. All of the pages of each Paper Document shall be scanned and produced as a single multi-page TIFF file in a manner that preserves the entirety of the document.

b.     The TIFF files shall be produced along with all metadata and image load files (.DAT file, .OPT file, .LFP, and .DII file).  All Paper Documents shall be provided with document level (multi-page) searchable OCR text (.TXT) files. These text files and image load files should indicate page breaks.

c.     During the process of converting Paper Documents to TIFF, the following fields identified in Paragraph 2(d) above should be add to and produced in a load file ("metadata load file") in accordance with that paragraph:  BEGPROD, ENDPROD, PAGE NUMBER, CUSTODIAN, CONFLABELand [REDACTED]

d.     In the event a Paper Document was gathered from a location to which the producing party assigns a specific name or other identifier, in the ordinary course of business—such as the file name of a location in paper filing system—the producing party shall provide such name or other identifier in the FILE NAME field of metadata load file for that document.

e.     If a party previously produced Paper Documents prior to the execution of this Stipulation, that party is under no obligation to re-produce the Paper Documents in accordance with this Stipulation. This provision does not relieve a party from the production of CUSTODIAN information pursuant to 2(d) of this Stipulation.

STIPULATION AN [PROPOSED ORDER] REGARDING DOCUMENT PRODUCTION

4.      For all productions, Bates number and any confidentiality designation should be electronically branded on each produced TIFF image. The parties shall use reasonable efforts to ensure that bates numbers: (1) be unique across the entire document production; (2) maintain a constant length (0-padded) across the entire production; (3) contain no special characters or embedded spaces; and (4) be sequential within a given document.

5.      The producing party shall use an FTP site (or its equivalent), email, or appropriate electronic media (CD, DVD, or hard drive) to produce ESI and Paper Documents, and shall cooperate in good faith to use the highest-capacity available media to minimize associated overhead. The producing party shall label any physical media so used with the producing party, production date, media volume name, and document number range (if applicable). If an FTP site, its equivalent, or email is used, the producing party shall employ a labeling protocol by which the same categories of information is communicated.

6.      This stipulation may be modified by agreement of all parties without the need for a further order by the Court.

7.      This stipulation is intended to be an enforceable agreement between the parties. As such, this stipulation may be modified by agreement of all parties without the need for a further order by the Court, and any motion seeking compliance with this stipulation shall be brought as a motion to compel and not as a motion for contempt and/or for sanctions.

8.      Nothing in this stipulation shall constitute a waiver of any right of any party or parties, by agreement or a protective order, to allocate all or any portion of the cost of the method of document production set forth herein to the party requesting said production.

9.      Nothing in this stipulation shall constitute a waiver of any right of any party or parties to assert an objection to the production of documents maintained as ESI on the grounds that the ESI is not reasonably accessible because of undue burden or cost.

10.     Nothing in this stipulation shall constitute a waiver of any right of any party or parties to demand production of data or information that is not required to be produced under this stipulation.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 5, 2015                    GROSS LAW, P.C.

STIPULATION AN [PROPOSED ORDER] REGARDING DOCUMENT PRODUCTION
989795.01

By:  /s/ Stuart G. Gross
Stuart G. Gross

*Attorneys for Plaintiffs the Paskenta Band of Nomlaki Indians and the Paskenta Enterprises Corporation*

DATED: October 5, 15                    KEKER & VAN NEST, LLP.

By:*/s/ Ben Hur (by authorization on October 5, 15)*
Ben Hur
Attorneys for Defendants INES CROSBY, JOHN CROSBY, LESLIE LOHSE, LARRY LOHSE, TED PATA, JUAN PATA, CHRIS PATA, SHERRY MYERS, and FRANK JAMES

DATED: October 5, 2015                  LIBERTY LAW, A.P.C.

By:      */s/ John M. Murray (authorized on 10/5/15)*
John M. Murray

*Attorneys for Defendants* The Patriot Gold & Silver Exchange, Inc. and Norman R. Ryan

DATED: October 5, 2015                  REED SMITH, LLP

By:      */s/ Kasey Curtis (authorized on 10/5/15)*
Scott H. Jacobs

*Attorneys for Defendants Umpqua Bank and Umpqua Holdings Corporation*

DATED: October 5, 2015                  KLINEDINST

By:      */s/ Natalie P. Vance (authorized on 10/5/15)*
Natalie P. Vance

*Attorneys for Defendants Garth Moore, and Garth Moore Insurance and Financial Services, Inc.*

DATED: October 5, 2015                  MURPHY, PEARSON, BRADLEY, & FEENEY

By:      */s/ Robert Lucas (authorized on 10/5/15)*
Robert Lucas

*Attorneys for Defendant Associated Pension Consultants, Inc.*

DATED: October 5, 2015                  DOWNEY BRAND LLP

By:      */s/ Meghan Baker (authorized on 10/5/15)*
Meghan Baker

STIPULATION AN [PROPOSED ORDER] REGARDING DOCUMENT PRODUCTION
989795.01

*Attorneys for Defendants Haness & Associates, LLC, and Robert M. Haness*

DATED: October 5, 2015                    KRAFT OPICH, LLP

By:      */s/ John McCardle* (authorized on 10/5/15)
                  John McCardle

*Attorneys for Defendants Cornerstone Community Bank, Cornerstone Community Bancorp, and Jeffrey Finck*


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:  October 5, 2015

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

STIPULATION AN [PROPOSED ORDER] REGARDING DOCUMENT PRODUCTION

989795.01