UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION,<br><br>         Plaintiffs,<br><br>    v.<br><br>INES CROSBY; JOHN CROSBY; LESLIE LOHSE; LARRY LOHSE; TED PATA; JUAN PATA; CHRIS PATA; SHERRY MYERS; FRANK JAMES; UMPQUA BANK; UMPQUA HOLDINGS CORPORATION; CORNERSTONE COMMUNITY BANK; CONERSTONE COMMUNITY BANCORP; JEFFERY FINCK; GARTH MOORE; GARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.; ASSOCIATED PENSION CONSULTANTS, INC.; HANESS & ASSOCIATES, LLC; ROBERT M. HANESS; THE PATRIOT GOLD & SILVER EXCHANGE, INC.; and NORMAN R. RYAN,<br><br>         Defendants. | No. 2:15-cv-00538-GEB-CMK<br><br>**ORDER DENYING DEFENDANTS' REQUEST FOR CERTIFICATION OF RULING IN ORDER FOR INTERLOCUTORY APPEAL** |

Defendants request certification for immediate appeal, under U.S.C. §1292(b), of the ruling in the Court's August 14, 2015 order ("Order"), that denied Defendants' motion to dismiss this action for lack of subject matter jurisdiction. (Order re Defs. Mot. To Dismiss, ECF 101.) Defendants also seek an order staying this action pending decision on the interlocutory appeal they seek to have certified.

1

Defendants argue in their certification motion that "federal court subject matter jurisdiction does not extend to cases in which the court must resolve contested issues of tribal law." (Def.'s Req. for Cert. of Order for Inter. App. ("Req.") 1: 16-17, ECF 109-1.) Specifically, Defendants contend: "It is only after this Court determines that [D]efendants contravened tribal law that it could reach the broader question of whether in so doing [D]efendants also violated federal and state law." (Req. 8:4-6.) However, Defendants fail to state what "tribal law" has to be determined in this action; nor why whatever "tribal law" is referenced has to be decided in connection with Plaintiffs' claims.

**LEGAL STANDARD**

"Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." In re Cement Antitrust Litig., 673 F.2d 1020, 1025-26 (9th Cir. 1982). The district court may certify a ruling for interlocutory appeal only if three requirements are met: (1) "the order involves a controlling question of law," (2) there is "substantial ground for difference of opinion" on that controlling question of law, and (3) "immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). "As Section 1292(b) is a departure from the general rule that only final judgments are appealable, it 'therefore must be construed narrowly.'" Zone Sports Ctr., LLC v. Rodriquez, No. 1:11-cv-00622-SKO, 2013 WL 3766749, at *4 (E.D. Cal July 16, 2013) (quoting James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068

n.6 (9th Cir. 2002)). The Ninth Circuit states that the provision in Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d at 1026. Further, the Supreme Court states "the appellant still 'has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)(quoting Fisons, Ltd. V. United States, 458 F.2d 1241, 1248 (7th Cir. 1972),rev'd on other grounds, Tidewater Oil Co. v. United States, 409 U.S. 151 (1972)).

**DISCUSSION**

Defendants have not shown that what they reference as "tribal law" in their motion for certification raises an actual issue of tribal governance necessary to adjudicate Plaintiffs' claims nor that any alleged involvement generates "a controlling question of law" as required by Section 1292(b). 28 U.S.C. § 1292(b). See Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2011) (requiring that all of the requirements stated in §1292(b) be met in order to grant certification). However, Defendants make the following argument in their Reply Brief, "the controlling issue in this case is... whether a federal court has subject matter jurisdiction over federal claims that are premised on intra-tribal disputes." (Pls'. Reply 2:5-7, ECF 125.) Plaintiffs move to strike this stated basis for the motion, arguing it is raised for the first time in Defendants' Reply Brief, and if it is not stricken, they seek leave to file another

1  responsive brief. (ECF 126.) The Court need not consider an issue
2  raised for the first time in a reply brief. <u>Int'l Union of
3  Bricklayers v. Martin Jaska, Inc.</u>, 752 F.2d 1401, 1404 (9th Cir.
4  1985). Further, it is unclear to what Plaintiffs' refer as
5  "intra-tribal disputes" and Plaintiffs have not shown that the
6  referenced disputes involve a "controlling question of law"
7  concerning subject matter jurisdiction. Therefore, Defendants'
8  request to certify for interlocutory appeal the August 14, 2015
9  ruling, denying Defendants' motion to dismiss for lack of subject
10 matter jurisdiction, is DENIED.

      Dated:  October 13, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge