UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>INES CROSBY; et al.,<br><br>Defendants. | No. 2:15-cv-00538-MCE-CMK<br><br>**ORDER GRANTING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS** |
| INES CROSBY; JOHN CROSBY; LESLIE LOHSE; and LARRY LOHSE,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>ANDREW FREEMAN, BRUCE THOMAS, and CHUCK GALFORD, and DOES 1-10,<br><br>Third-Party Defendants. | |

Third-Party Defendants Andrew Freeman, Bruce Thomas and Chuck Galford (collectively, "Third-Party Defendants") move to dismiss (ECF No. 173) Third-Party Plaintiffs Ines Crosby, John Crosby and Leslie Lohse's (collectively, "Third-Party

1

Plaintiffs") Third-Party Complaint (ECF No. 156) under Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] For the reasons that follow, Third-Party Defendants' motion is GRANTED.

## PROCEDURAL BACKGROUND

On March 10, 2015, Plaintiffs Paskenta Enterprises Corporation ("PEC") and Paskenta Band of Nomlaki Indians ("Tribe") (collectively, "Plaintiffs") filed their complaint against RICO Defendants alleging, inter alia, claims of racketeering, aiding and abetting, fraud, conspiracy, and violations of fiduciary duties owed to the tribe.  (ECF No. 1.) Subsequently, Plaintiffs amended their complaint and filed a First Amended Complaint ("FAC", ECF No. 30) on April 17, 2015. Multiple motions to dismiss Plaintiffs' FAC followed. (ECF Nos. 44, 46, 40, 51, 53, & 54.) On August 14, 2015, the Court GRANTED in part and DENIED in part these motions and gave Plaintiffs leave to file a Second Amended Complaint ("SAC") addressing the deficiencies in their FAC. (ECF No. 101.) On September 25, 2015, Plaintiffs filed their SAC (ECF No. 132) which was again followed by a round of motions to dismiss (ECF Nos. 139, 141, 143. & 145). On April 20, 2016, the Court GRANTED in PART and DENIED in part these motions and gave Plaintiffs partial leave to file a Third Amended Complaint ("TAC") addressing the deficiencies in their SAC.

On November 16, 2015, Third-Party Plaintiffs filed their Third-Party Complaint against Third-Party Defendants (ECF No. 156), which Third-Party Defendants now seek to dismiss in its entirety. (ECF No. 173.)

///
///
///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 7, 2016.

# FACTUAL ALLEGATIONS[2]

Third-Party Plaintiffs allege that to the extent they are held liable to the Tribe and/or PEC for any alleged wrongdoing, such liability can only be derivative from and/or concurrent with the acts and liability of Third-Party Defendants. Third-Party Plaintiffs allege that the tribe, led by Andrew Freeman as Chairperson of the Tribal Council, targeted and removed Third-Party Plaintiffs from the tribe in order to reduce the Tribe's membership so as to allow the remaining tribal members to both claim a bigger share of the Tribe's new wealth and allow Mr. Freeman and his allies to take complete control of the Tribe itself. According to Third-Party Plaintiffs, Mr. Freeman was materially assisted in his tribal coup by Bruce Thomas, CEO of the Tribe's casino and CEO of a tribal business called MD Barnmaster, and Chuck Galford, a member of PEC's Board of Directors, and a vice-president of a tribal business called Tepa LLC. Third-Party Plaintiffs assert the following claims for relief: (1) equitable indemnity against all Third-Party Defendants; (2) contribution against all Third-Party Defendants; and (3) declaratory relief against all Third-Party Defendants.

# STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

---

[2] Unless otherwise noted, the allegations in this section are drawn directly, and in some cases verbatim, from the allegations of Third-Party Plaintiffs' Third-Party Complaint.

47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. Equitable Indemnity or Contribution for Statutory Violations

Third-Party Defendants argue that there is no right to contribution or indemnity under the statutory claims asserted by the SAC's First through Eighth Claims for Relief, (Mot. at 8:23-25.).  Although Third-Party Plaintiffs counter that they do not seek to hold Third-Party Defendants liable for statutory violations, the Third-Party Complaint does not clearly reflect this contention. Indeed, the Third-Party Complaint simply states that to the extent Third-Party Plaintiffs are held liable for any causes of action in the SAC, Third-Party Defendants are likewise liable for damages allegedly sustained by the Tribe.  Third-Party Plaintiffs therefore claim they are entitled to indemnification from Third-Party Defendants, to the extent permitted by the facts or the law. (SAC ¶ 110.).  Based on Third-Party Plaintiffs' apparent retraction of any such indemnification rights as to the SAC's statutory claims, however,  they appear to be waiving any claim for indemnity or contribution based upon the first eight claims of the SAC. Nonetheless, for the reasons that follow, Third-Party Plaintiffs have no right to indemnity as a matter of law in any event as to the SAC's statutory claims.

///

"A defendant held liable under a federal statute has a right to contribution or indemnification from another who has also violated the statute only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate common law." Mortgs., Inc. v. U.S. Dist. Ct. for Dist. of Nev. (Las Vegas), 934 F.2d 209, 212 (9th Cir. 1991) (citing Tex. Indus., Inc. v. Radcliff Materials, 451 U.S. 630, 638 (1981)).

### 1. RICO Violations (SAC Claims 1-6)

"[N]o rights of contribution are available to defendants under RICO." Nelson v. Bennett, 662 F. Supp. 1324, 1339, n. 23 (E.D. Cal. 1987). Therefore, Third-Party Plaintiffs' claims for indemnification or contribution from potential RICO liability are dismissed with prejudice.

### 2. Violations of the Federal Computer Fraud and Abuse Act (SAC Claim 7)

Third-Party Defendants argue that the Third-Party Plaintiffs cannot seek or obtain indemnity or contribution from the Third-Party Defendants for violation of the Federal Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030(a)(3), both because that statute does not provide for contribution or indemnity and because it is akin to an intentional tort.

"[C]laims based on the [CFAA], to the extent they can be construed as tort claims, require proof of intentional conduct[,]" rendering contribution unavailable to defendants." Axis Surplus Ins. Co. v. Mitsubishi Caterpillar Forklift Am. Inc., No. CIV.A. H-11-3745, 2011 WL 6780908, at *3 (S.D. Tex. Dec. 27, 2011); see also Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp., 893 F.2d 1109, 1116 (9th Cir. 1990) (holding there is no right of indemnification for intentional torts).

The CFAA requires a defendant to engage in intentional misconduct to be held liable. See e.g., 18 U.S.C. § 1030(a)(2) (assigning liability to whoever "intentionally accesses a computer without authorization or exceeds authorized access"); 18 U.S.C. § 1030(a)(5) (assigning liability to whoever "knowingly causes the transmission of a

program, information, code, or command, and as a result of such conduct, intentionally causes damages without authorization, to a protected computer"). Therefore there is no statutory or common law right of indemnification for the CFAA. Accordingly, Third-Party Plaintiffs' claims for indemnification or contribution based upon Third-Party Plaintiffs' potential liability under the CFAA are dismissed with prejudice.

### 3. Violations of California's Data Access Fraud Statute (SAC Claim 8)

Similar to the CFAA, liability under California's Data Access Fraud Statute, Cal. Penal Code § 502(a), requires the person to act "knowingly" and "without permission" in committing computer-related crimes. Further, unlike other California statutes providing an express right to indemnity, California Penal Code § 502 provides no right to indemnity or contribution. See e.g., Cal. Civ. Code § 2847; Cal. Corp. Code § 317; Cal. Gov't Code §§ 825-825.6, 844.6; Cal. Lab. Code § 2802(a); Cal. Veh. Code § 11713.13. Therefore, there is no statutory or common law right to contribution or indemnity for violation of Cal. Penal Code § 502(a). Accordingly, Third-Party Plaintiffs' claims for contribution or indemnity based on violations of § 502 are dismissed with prejudice.

### B. Equitable Indemnity/Contribution for Intentional Torts (SAC Claims 9-17)

Under California law "[t]here shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person." Cal. Civ. Proc. Code § 875(d); see also Riverhead Sav. Bank, 893 F.2d at 1116 (holding there is no "right of indemnification for intentional torts") (citing Allen v. Sundean, 137 Cal. App. 3d 216 (1982)). However, the Ninth Circuit has stated "California law does allow for comparative equitable indemni[ty] among joint intentional tortfeasors." In re First Alliance Mortg. Co., 471 F.3d 977, 1005 (9th Cir. 2006).

In their Third-Party Complaint, Third-Party Plaintiffs fail to plausibly allege that Third-Party Defendants are joint intentional tortfeasors; instead, Third-Party Plaintiffs argue only that Third-Party Defendants engaged in other actions that might lead to liability. For example, Third-Party Plaintiffs allege that Third-Party Defendant Freeman

7

engaged in separate wrongful acts by improperly converting different funds for himself. Similarly, Third-Party Plaintiffs allege that Third-Party Defendants Galford and Thomas engaged in separate and distinct wrongdoing. Therefore, the ability to assign joint tortfeasor liability announced in In re First Alliance Mortg. Co., supra, does not apply to Third-Party Plaintiffs' equitable claims.

Looking to the allegations that are made within the SAC, Claims Nine through Seventeen allege Conversion, Fraudulent Concealment, Fraudulent Misrepresentation, Intentional Interference with Prospective Economic Advantage, Breach of Fiduciary Duty (Loyalty), Breach of Fiduciary Duty (Care), Common Counts, Civil Conspiracy, and Aiding and Abetting each other's Conversion and Breaches of Fiduciary Duty. Each of the aforementioned claims is an intentional tort. Cal. Civ. Proc. Code § 875(d). Therefore, Third-Party Plaintiffs have no statutory or common law right for contribution or indemnity. Accordingly, Third-Party Plaintiffs' claims for contribution or indemnity based on the aforementioned intentional torts (SAC Claims 9-17) are dismissed with prejudice.

**C. Equitable Indemnity or Contribution for Separately Stated Remedies (SAC Claims 29-31)**

Claims Twenty-Nine through Thirty-One in the SAC make requests for restitution, a constructive trust and accounting. Because these claims are separately stated remedies contingent upon Plaintiffs' substantive claims for relief, which provide no right for contribution or indemnity, these claims similarly fail and should be dismissed with prejudice.

**D. Request for Declaratory Relief**

Since Third-Party Plaintiffs' request for declaratory relief is entirely duplicative of the rest of Third-Party Plaintiffs' claims, it should be dismissed. "A claim for declaratory relief is duplicative and unnecessary when it is commensurate with the relief sought through other causes of action." Vogan v. Wells Fargo Bank, N.A., No. 2:11-CV-02098-JAM, 2011 WL 5826016, at *8 (E.D. Cal. Nov. 17, 2011). Therefore, Third-Party Plaintiffs' request for declaratory relief is dismissed with prejudice.

**CONCLUSION**

For the reasons stated above, Third-Party Defendants' Motion to Dismiss Third-Party Complaint (ECF No. 173) is GRANTED in its entirety.  Because the claims made in the Third-Party Complaint fail as a matter of law, the Court concludes that any further leave to amend would be futile.  Therefore, the Third-Party Complaint (ECF No. 156) is dismissed, with no leave to amend.

IT IS SO ORDERED.

Dated:  July 15, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE