1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                               EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  PASKENTA BAND OF NOMLAKI <br> INDIANS; and PASKENTA <br> 12  ENTERPRISES CORPORATION, | No. 2:15-cv-00538-MCE-CMK |
| 13           Plaintiffs, | **MEMORANDUM AND ORDER** |
| 14       v. | |
| 15  INES CROSBY; et al., | |
| 16           Defendants. | |
| 17  INES CROSBY; JOHN CROSBY; <br> LESLIE LOHSE; and LARRY LOHSE, <br> 18 | |
| 19           Third-Party Plaintiffs, | |
| 20       v. | |
| 21  ANDREW FREEMAN; BRUCE <br> THOMAS; CHUCK GALFORD; and <br> 22  DOES 1–10, | |
| 23           Third-Party <br>           Defendants. | |
| 24 | |

25         Third-Party Defendants Andrew Freeman, Bruce Thomas, and Chuck Galford

26   previously moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the

27   third-party claims made against them.  ECF No. 173.  This Court granted the motion,

28   dismissing the claims with prejudice because they failed as a matter of law.

1    ECF No. 255.  Third-Party Defendants now move the Court to enter final judgment under

2    Rule 54(b) on its order dismissing the claims.  ECF No. 274.  For the reasons that follow,

3    Third-Party Defendants' Motion for Judgment is DENIED.[1]

4

5                                          **BACKGROUND**[2]

6

7        On March 10, 2015, Plaintiffs Paskenta Enterprises Corporation ("PEC") and the

8    Paskenta Band of Nomlaki Indians ("Tribe") filed suit against Third-Party Plaintiffs

9    alleging, inter alia, claims of racketeering, aiding and abetting, fraud, conspiracy, and

10   violations of fiduciary duties owed to the tribe.  ECF No. 1.  On November 16, 2015,

11   Third-Party Plaintiffs filed a Third-Party Complaint against Third-Party Defendants, ECF

12   No. 156, alleging that to the extent they are held liable to the Tribe or PEC for any

13   wrongdoing, such liability can only be derivative from or concurrent with the acts and

14   liability of Third-Party Defendants.

15       Third-Party Plaintiffs had alleged that the tribe, led by Andrew Freeman as

16   Chairperson of the Tribal Council, targeted and removed Third-Party Plaintiffs from the

17   tribe in order to reduce the Tribe's membership so as to allow the remaining tribal

18   members to both claim a bigger share of the Tribe's new wealth and allow Mr. Freeman

19   and his allies to take complete control of the Tribe itself.  According to Third-Party

20   Plaintiffs, Mr. Freeman was materially assisted in his tribal coup by Bruce Thomas, CEO

21   of the Tribe's casino and CEO of a tribal business called MD Barnmaster, and Chuck

22   Galford, a member of PEC's Board of Directors, and a vice-president of a tribal business

23   called Tepa LLC.  Third-Party Plaintiffs sought:  (1) equitable indemnity against all Third-

24   Party Defendants; (2) contribution against all Third-Party Defendants; and (3) declaratory

25   relief against all Third-Party Defendants.

26       [1] Because oral argument would not have been of material assistance, the Court ordered this
     matter submitted on the briefs in accordance with Local Rule 230(g).

27

28       [2] Unless otherwise noted, the allegations in this section are drawn directly, and in some cases
     verbatim, from the allegations of Third-Party Plaintiffs' Complaint.

1    Third-Party Defendants subsequently moved to dismiss the third-party claims

2  against them Rule 12(b)(6), and on July 15, 2016, the Court granted the motion.

3  Because the third-party claims failed as a matter of law, they were dismissed with

4  prejudice.  Third-Party Defendants now seek entry of final judgment on that order,

5  pursuant to Rule 54(b).

6

7                                    **LEGAL STANDARD**

8

9    Rule 54(b) allows courts to "direct entry of a final judgment as to one or more, but

10  fewer than all, claims or parties only if the court expressly determines that there is no just

11  reason for delay."  The original purpose of Rule 54(b) was, given the modern practice of

12  joining multiple parties and claims into a single action, to reduce uncertainty as to what

13  constituted a final judgment that was ripe for appeal.  Dickinson v. Petroleum Conversion

14  Corp., 338 U.S. 507, 511–12 (1950); see also Gelboim v. Bank of Am. Corp., 135 S. Ct.

15  897, 902 (2015) ("Rule 54(b) permits district courts to authorize immediate appeal of

16  dispositive rulings on separate claims in a civil action raising multiple claims . . . .").

17    However, the Ninth Circuit has not precluded district courts from evaluating other

18  factors, such as res judicata effects, when ruling on a Rule 54(b) motion.  E.g.,

19  Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir.

20  1987) ("Because a 54(b) ruling in fact has res judicata ramifications, which are potentially

21  very important, it would be unsound and ineffectual to hold that the district courts may

22  not consider this factor in deciding for or against certification."); see also Bank of

23  Lincolnwood v. Fed. Leasing, Inc., 622 F.2d 944, 949 n.7 (7th Cir. 1980) ("The

24  requirement that there be 'no just reason for delay' is frequently referred to as a

25  requirement that there be no just reason to delay an appeal.  This, however, is too

26  narrow a reading of the Rule.").

27  ///

28  ///

1    In determining whether to direct entry of a final judgment under Rule 54(b), courts

2    must consider (1) whether it has rendered a "final judgment," and then (2) "whether there

3    is any just reason for delay." Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir.

4    2005) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)).  While

5    "[t]he Court has eschewed setting narrow guidelines for district courts to follow," id. at

6    878 n.2, its "discretion is to be exercised 'in the interest of sound judicial administration,'"

7    Curtiss-Wright, 446 U.S. at 8 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427,

8    437 (1956)).

9

10   **ANALYSIS**

11

12   There is no doubt that the dismissal of the third-party claims constitutes a final

13   judgment.  By dismissing the claims against Third-Party Defendants, this Court's order

14   was "an ultimate disposition of an individual claim entered in the course of a multiple

15   claims litigation." Wood, 422 F.3d at 878 (quoting Curtiss-Wright, 466 U.S. at 7).  The

16   only claims made against Third-Party Defendants were found in the Third-Party

17   Complaint, which was dismissed in its entirety without leave to amend.  The analysis

18   does not end there, however, as Rule 54(b) also requires the Court to make an express

19   finding that there is no "just reason for delay."

20   Third-Party Defendants here do not move for entry of final judgment so that they

21   can file an appeal—their motion to dismiss was successful—but instead so that the

22   dismissal of the claims against them is given res judicata effect.  Third-Party Defs.' Mot.

23   for J. at 6.  They also claim that entry of final judgment would "free[ them] from the

24   expense and obligation of this lawsuit." Id. at 4.

25   Third-Party Defendants, however, have not established any particular need for the

26   dismissal of the Third-Party Complaint to be given res judicata effect.  There are no

27   parallel proceedings in any other court that could be precluded by res judicata.

28   ///

4

1  Nor have they even shown that this Court's dismissal of the Third-Party Complaint would

2  not be accorded res judicata effect in a hypothetical parallel proceeding absent an entry

3  of judgment under Rule 54(b).  See Steward v. U.S. Bancorp, 297 F.3d 953, 957 (9th

4  Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a

5  claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies.")

6         As to the alleged "expense and obligation of this lawsuit," Third-Party Defendants

7  have not made clear why there would be any costs incurred absent an entry of judgment

8  under Rule 54(b).  Third-Party Defendants claim a "crushing burden of expending further

9  time, trouble and expense" associated with the lack of an entry of final judgment,

10  including "participat[ion] in the main case's anticipated dozens of depositions, hundreds

11  of thousands of pages of document discovery, extensive motion practice, expert

12  discovery, and trial."  Third-Party Defs.' Mot. for J. at 4, 6.  They do not, however, explain

13  how they will have to participate in such matters given their dismissal as parties to the

14  suit.

15         Furthermore, granting the 54(b) motion would likely work to undermine "the

16  historic federal policy against piecemeal appeals."  Wood, 422 F.3d at 878 (quoting

17  Curtiss-Wright, 466 U.S. at 7).  If the Court were to grant Third-Party Defendants'

18  motion, Third-Party Plaintiffs would be obligated to seek an appeal immediately or else

19  forfeit the right to an appeal.  An immediate appeal, though, would be inappropriate.

20  Third-Party Defendants admit that the claims against them "necessarily arise out of the

21  facts and claims asserted in the Tribe's Complaint against TP Plaintiffs."  Accordingly,

22  these facts and claims should be analyzed on appeal as a single unit.  See Jewel v. Nat'l

23  Sec. Agency, 810 F.3d 622, 625 (9th Cir. 2015) (finding that a Rule 54(b) motion should

24  be analyzed with regard to "the interrelationship of the claims so as to prevent piecemeal

25  appeals in cases which should be reviewed only as single units" (quoting Curtiss-Wright,

26  466 U.S. at 10)).

27  ///

28  ///

5

1    Furthermore, the ultimate disposition of this case could moot the need for such an

2    appeal.  See Wood, 422 F.3d at 878 n.2 (finding "whether review of the adjudicated

3    claims would be mooted by any future developments in the case" to be a relevant factor

4    under Rule 54(b) (quoting Curtis-Wright, 446 U.S. at 5)).  Third-Party Defendants'

5    alleged liability is premised wholly on derivative liability.  If Third-Party Plaintiffs prevail in

6    the underlying suit, Third-Party Defendants claims will be rendered moot.  Thus, forcing

7    Third-Party Plaintiffs to pursue an appeal now could potentially place issues before the

8    Ninth Circuit that never need be decided.

9

10                                    **CONCLUSION**

11

12    For the reasons above, Third-Party Defendants' Motion for Judgment under

13    Rule 54(b) is DENIED.  ECF No. 274.

14    IT IS SO ORDERED.

15    DATED:  November 14, 2016

16

17    _____
      MORRISON C. ENGLAND, JR.

18    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28