IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PASKENTA BANK OF NOMLAKI INDIANS, et al.,

    Plaintiffs,

vs.

INES CROSBY, et al.,

    Defendants.

                             /

No. 2:15-cv-0538-MCE-JAM-CMK

ORDER

Pending before the court is defendants Cornerstone Community Bank, Cornerstone Community Bancorp, and Jeffrey Finck's ("Defendants") ex parte motion for a continuance of the hearing date on plaintiffs' motion to compel (Doc. 318). Plaintiffs filed an opposition to the motion, which has been considered. The hearing on plaintiffs' motion to compel is currently set for December 14, 2016. Defendants are requesting a continuance to January 11, 2017.

Plaintiffs originally filed a motion to compel on October 18, 2016, with a noticed hearing for November 16, 2016 (Doc. 298). This motion was amended on November 3, 2016, resetting the hearing for November 30, 2016 (Doc. 303). On November 22, 2016, plaintiffs filed a notice to reschedule the motion hearing to December 14, 2016 (Doc. 209).

1

Defendants contend the current hearing date, December 14, 2016, was chose without agreement by plaintiffs' counsel and the lead defense counsel is out of town on a preplanned vacation.  Defense counsel argues a request to change the hearing date was submitted to plaintiffs' counsel on November 30, 2016, to which no response was received.  Defendants also argue that despite earlier promises from plaintiffs' counsel that the joint statement would be shared several weeks in advance of the filing deadline, the joint statement was received with only three days for the defense to craft their portion.  Thus, defendants are requesting the court continue the hearing date and the date the joint statement is due.

Plaintiffs' counsel contends that if there truly was a scheduling conflict, defense counsel should have raised the issue much sooner than December 5, 2016.  While plaintiffs acknowledge an email was received on December 1, 2016, they contend that no request was actually made for a change of the hearing date.  Plaintiffs' counsel further contends that the originally proposed modified hearing date of February 1, 2017, was unacceptable, but that the parties may have been able to come to an agreement had defense counsel pursued it further.  Plaintiff counsel also argues that defense counsel is not requesting the continuance for an legitimate purpose, but to delay the production of the documents which will prejudge plaintiffs and to provide for a significant amount of time in which to craft an argument against the granting of the motion.  In addition, plaintiffs argue that the sharing of the joint statement three days prior to the submission deadline should not have been a hardship on defendants because the arguments should have already been set and responses crafted prior to the sharing of plaintiffs' portion of the joint statement.  Plaintiffs ask the court to deny the continuance as prejudicial.

"The Court may, in its discretion grant an initial extension <u>ex parte</u> upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary."  Local Rule 144(c).

///

1  The undersigned finds that the parties involved in this dispute are not being
2  forthright and cooperative with each other or the court, which is unacceptable.  Plaintiffs
3  continued the motion to compel twice already, the court sees no reason one more continuance
4  would significantly prejudge plaintiffs.  Plaintiffs argue that a request to continue the hearing was
5  not received; that statement conflicts with their contention that the originally proposed continued
6  hearing date (February 1, 2017) was unacceptable but that perhaps an agreement to a shorter
7  continuance could have been reached.  Defendants have provided the court with a copy of the
8  email sent on November 30, 2016, informing plaintiffs of the scheduling conflict and requesting
9  a new hearing date.  However, no follow up was done by defense counsel when no response was
10 received from the originally email, until the eve of the filing deadline.  If counsel would have
11 communicated and cooperated with each other, the court would not have been required to
12 intervene.  The date defense counsel has requested in the motion is the next available court date.
13 There does not appear to be any attempt to significantly delay the hearing by the defendants.
14 Plaintiffs' argument that the bulk of defendants' responses to the motion to compel should have
15 been done in advance of the sharing of the joint statement is well taken.  This discovery dispute
16 has clearly been on going for several months.  The issues surrounding the documents and
17 interrogatories should have been known to both sides.  While plaintiffs' counsel states there have
18 on going meet and confer efforts throughout the spring, summer, and early fall of 2016,
19 defendants contend plaintiffs failed to meet that obligation prior to the filing of the notice of
20 motion.  Given the number of issues in dispute, and the lack of cooperation between the parties
21 regarding the hearing on this motion, the court finds it unlikely any significant, cooperative
22 action has been undertaken to resolve these issues.
23  The court will grant the motion for a continuance and reset the hearing date on the
24 motion to January 11, 2017.[1]  However, the parties will be required to file the joint statement on

---

[1] The parties are on notice that if the motion is granted, the time for producing the documents will be short given the extended time for the hearing.  Defendants shall be prepared,

3

or before December 21, 2016.  In addition, the court will require the parties to meet and confer on these issues prior to the filing of the joint statement in order to narrow the issues and eliminate any unnecessary arguments pursuant to Local Rule 251(b).  Counsel shall cooperate in the completion and filing of the joint statement.  Finally, given the voluminous joint statement, the parties shall submit to chambers a paper copy of the joint statement.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Defendants' ex parte motion to continue the hearing on plaintiffs' motion to compel (Doc. 318) is granted;

    2. The hearing on plaintiffs' motion to compel (Docs. 298, 303) is continued from December 14, 2016, to January 11, 2017, at 10:00 a.m. before the undersigned in Redding, California;

    3. The parties shall meet and confer prior to the submission of the joint statement;

    4. The parties' joint statement shall be filed on or before December 21, 2016; and

    5. The parties shall provide the court with a chambers' paper copy of the joint statement.

DATED: December 8, 2016

                _____
                **CRAIG M. KELLISON**
                UNITED STATES MAGISTRATE JUDGE

---

as the court will not look favorable upon a request for a significant amount of time to produce what ever documents are ordered to be produced, if any.