STUART G. GROSS (#251019)
sgross@grosskleinlaw.com
RACHEL N. RIVERS (#291283)
dgoldberg@grosskleinlaw.com
**GROSS & KLEIN LLP**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
t (415) 671-4628
f (415) 480-6688

JOSEPH R. SAVERI (#130064)
jsaveri@saverilawfirm.com
ANDREW M. PURDY (#261912)
apurdy@saverilawfirm.com
MATTHEW S. WEILER (#236052)
mweiler@saverilawfirm.com
KEVIN E. RAYHILL (#267496)
krayhill@saverilawfirm.com
**JOSEPH SAVERI LAW FIRM, INC.**
555 Montgomery Street, Suite 1210
San Francisco, CA 94111
t (415) 500-6800
f (415) 395-9940

*Attorneys for Plaintiffs the Paskenta Band of Nomlaki Indians and the Paskenta Enterprises Corporation*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>INES CROSBY; JOHN CROSBY; LESLIE LOHSE; LARRY LOHSE; TED PATA; JUAN PATA; CHRIS PATA; SHERRY MYERS; FRANK JAMES; UMPQUA BANK; UMPQUA HOLDINGS CORPORATION; CORNERSTONE COMMUNITY BANK; CORNERSTONE COMMUNITY BANCORP; JEFFERY FINCK; GARTH MOORE; GARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.; ASSOCIATED PENSION CONSULTANTS, INC.; THE PATRIOT GOLD & SILVER EXCHANGE, INC.; GDK CONSULTING LLC; and GREG KESNER,<br><br>Defendants. | Case No. 15-cv-00538-MCE-CMK<br><br>**SUPPLEMENTAL STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE FDIC CONFIDENTIAL RECORDS** |

WHEREAS, counsel for Plaintiffs, in the above-captioned action (the "Litigation") have requested the discretionary disclosure of certain privileged and confidential records of the Federal Deposit Insurance Corporation ("FDIC") pursuant to 12 C.F.R. § 309.6(b)(8); and

WHEREAS, the FDIC has determined that the requirements for discretionary disclosure under 12 C.F.R. § 309.6(b)(8) have been satisfied, and has therefore authorized disclosure of the records ("Confidential Records"), provided that such disclosure is made strictly under the terms and conditions of this Protective Order;

NOW THEREFORE, the Court hereby orders the following:

1. The Confidential Records, and all information contained therein or related thereto, shall be held strictly confidential and may be examined and used only in connection with the preparation, discovery in connection with, trial, and appeal of the Litigation.

2. No person, including, without limitation, the undersigned parties to the Litigation, their counsel, the Court, the Clerk of the Court, court reporters, or any employee or agent of any of the foregoing, shall transcribe, copy, or disclose in any manner any information contained in or related to the Confidential Records, except upon order of the Court or as necessary for the limited purpose of the preparation, discovery in connection with, trial, and appeal of the Litigation. Subject to paragraphs 4 and 5 below, nothing in the preceding sentence is intended to prevent or prohibit the use of information contained in the Confidential Records for the purpose of interrogating witnesses at depositions or in the trial of the Litigation.

3. If any of the Confidential Records or portions thereof are included in discovery documents filed with the Clerk of the Court, or in the event any information contained in or related to such Confidential Records is to be used in the trial of the Litigation, the Clerk of the Court shall keep such documents in a sealed envelope or in such other manner as shall make the documents unavailable for public scrutiny.

4. Any party offering any of the Confidential Records into evidence in the trial of the Litigation, or in connection there with, shall offer only those pages or portions thereof that are relevant and material to the issues in dispute, and shall block out any portion of any page

that contains information not relevant and material to such issues. The name of any person or entity contained on any page of the Confidential Records who is not a party to the Litigation, or whose name is not otherwise relevant and material to the issues in dispute shall be blocked out prior to the admission of such page into evidence. If there is disagreement between the parties to the Litigation regarding what page or portion of any page of the Confidential Records should be blocked out in the manner described in this paragraph, the Court shall make this determination after an *in camera* review of the Confidential Records in question.

5. If any portion of the Confidential Records is used for any purpose in the Litigation, including without limitation, use in any deposition, hearing, trial, or appeal, such portion of the Confidential Records shall be sealed against any disclosure inconsistent with the terms and conditions of this Protective Order, and any briefs, transcripts or other writing quoting or referring to any statement contained in such portion of the Confidential Records shall also be sealed against any such disclosure.

6. At the conclusion of the Litigation (including any appeal), all Confidential Records in the possession or control of any person granted access to the Confidential Records under this Protective Order, including all copies, extracts and summaries thereof, shall forthwith be returned to the Deputy Regional Counsel, FDIC Legal Division, at 25 Jessie Street, Suite 1400, San Francisco, CA 94105, or shall be otherwise disposed of as directed by the Assistant General Counsel or his designee.

7. Any person granted access under this Stipulation and Protective Order to any of the Confidential Records, or to information contained therein or related thereto, who uses such Confidential Records or such information for any purpose other than the preparation, discovery in connection with, trial, or appeal of the Litigation, or otherwise violates the terms or conditions of this Protective Order, shall be subject to sanctioning by the Court.

8. The term and conditions of this Stipulation and Protective Order apply to any subsequent or supplemental process that may be issued and served on the FDIC in connection with the Litigation.

9.    The Confidential Testimony and Confidential Records shall include all records or testimony identified in any amendments or modifications to this Stipulation and Protective Order. Any such amendment or modification shall be effective, without need for approval by the Court or the parties to the Litigation, upon notice by the FDIC to the parties.

10.    Disclosure of the Confidential Records under the terms and conditions of this Stipulation and Protective Order shall not constitute a waiver of any privileges or confidentiality with respect to such Confidential Records.

11.    All parties, by and through their respective counsel, agree and stipulate that no FDIC employee will be required to testify in any manner in this case pursuant to 12 C.F.R. § 309.7(c). This agreement and stipulation is required due to the FDIC's compelling interest in keeping its employees free to conduct their official duties without the distraction of testifying in private litigation, and also to avoid the appearance of bias or partiality on the part of the FDIC in this matter.

12.    All parties, by and through their respective counsel, agree and stipulate that no privilege log shall be required of nor produced by the FDIC in any manner in this case pursuant to 12 C.F.R. § 309.7(c). This agreement and stipulation is required due to the FDIC's compelling interest avoiding undue burden on FDIC resources.

Wherefore, this Stipulation and Protective Order is hereby entered into this 5th day of August, 2016.

Respectfully submitted,

| | |
|---|---|
| Dated: December 27, 2016 | JOSEPH SAVERI LAW FIRM, INC.<br><br>By: _____<br>Andrew M. Purdy<br><br>Joseph R. Saveri (State Bar No. 130064)<br>Andrew M. Purdy (State Bar No. 261912)<br>Matthew S. Weiler (State Bar No. 236052)<br>Kevin E. Rayhill (State Bar No. 267496)<br>JOSEPH SAVERI LAW FIRM, INC.<br>555 Montgomery Street, Suite 1210<br>San Francisco, California 94111<br>Telephone: (415) 500-6800<br>Facsimile:  (415) 395-9940<br>jsaveri@saverilawfirm.com<br>apurdy@saverilawfirm.com<br>mweiler@saverilawfirm.com<br>krayhill@saverilawfirm.com<br><br>*Attorneys for Plaintiffs PASKENTA BAND OF NOMLÁKI INDIANS and PASKENTA ENTERPRISES CORPORATION* |
| Dated: December 27, 2016 | By: _____<br><br>JOHN F. FRIEDEMANN (SBN 115632)<br>jfriedemann@frigolaw.com<br>KYLE M. FISHER (SBN 127334)<br>kfisher@frigolaw.com<br>JOHN N. MACLEOD (SBN 269073)<br>jmacleod@frigolaw.com<br>FRIEDEMANN GOLDBERG LLP<br>420 Aviation Boulevard, Suite 201<br>Santa Rosa, California 95403<br>Telephone: (707) 543-4900<br>Facsimile: (707) 543-4910<br><br>*Attorneys for Defendants CORNERSTONE COMMUNITY BANK; CORNERSTONE COMMUNITY BANCORP; and JEFFERY FINCK;* |

Dated: _____January 3, 2017_____   By: _/s/ Elliot R. Peters_____

ELLIOT R. PETERS - # 158708
epeters@kvn.com
MATTHEW WERDEGAR - # 200470
mwerdegar@kvn.com
BENEDICT Y. HUR - # 224018
bhur@kvn.com
ERIN E. MEYER - # 274244
emeyer@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants INES CROSBY; JOHN CROSBY; LESLIE LOHSE; LARRY LOHSE; TED PATA; JUAN "JON" PATA; CHRIS PATA; SHERRY MYERS; and FRANK JAMES

Dated: __January 5, 2017__   By: _/s/ Sandra A. Quigley_____
Sandra A. Quigley

*Counsel for the Federal Deposit Insurance Corporation*

IT IS SO ORDERED.

Dated: __1-20-17__   By: _____
Honorable Craig M. Kellison
United States Magistrate Judge

Case No. 15-cv-00538-MCE-CMK                 5
SUPPLEMENTAL STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE FDIC CONFIDENTIAL RECORDS
1135030