UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION, | No. 2:15-cv-00538-MCE-CMK |
| Plaintiffs, | **MEMORANDUM AND ORDER** |
| v. | |
| INES CROSBY; JOHN CROSBY; LESLIE LOHSE; LARRY LOHSE; TED PATA; JUAN PATA; CHRIS PATA; SHERRY MYERS; FRANK JAMES; UMPQUA BANK; UMPQUA HOLDINGS CORPORATION; CORNERSTONE COMMUNITY BANK; CORNERSTONE COMMUNITY BANCORP; JEFFERY FINCK; GARTH MOORE; GARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.; ASSOCIATED PENSION CONSULTANTS, INC.; THE PATRIOT GOLD & SILVER EXCHANGE, INC.; GDK CONSULTING LLC; and GREG KESNER, | |
| Defendants. | |

Defendants Garth Moore and Garth Moore Insurance (collectively, "Moore") previously moved under Federal Rule of Civil Procedure ("Rule") 12(c) to dismiss the claims made against them.  ECF No. 275.  This Court granted the motion, dismissing the

1

1   claims with prejudice.  ECF No. 299.  Moore now moves for the entry of final judgment

2   under Rule 54(b) on the order dismissing the claims.  ECF No. 300.  For the reasons that

3   follow, Moore's Motion for Judgment is DENIED.[1]

4

5                                    **BACKGROUND**[2]

6

7          The Paskenta Band of Nomlaki Indians ("the Tribe") employed Ines Crosby, John

8   Crosby, Leslie Lohse, and Larry Lohse (collectively, the "Employee Defendants") in

9   executive positions for more than a decade.  Plaintiffs contend that the Employee

10  Defendants used their positions to embezzle millions of dollars from the Tribe and its

11  principal business entity, the Paskenta Enterprises Corporation ("PEC").  As part of their

12  scheme, Plaintiffs allege that the Employee Defendants caused the Tribe to invest in two

13  unauthorized retirement plans for the Employee Defendants' personal benefit:  a defined

14  benefit plan and a 401(k) (collectively, "Tribal Retirement Plans").  The Employee

15  Defendants allegedly kept their activities hidden from Plaintiffs by various means

16  including harassment, intimidation, and cyber-attacks on the Tribe's computers.

17         Plaintiffs go on to assert that Moore, among others, knowingly assisted the

18  Employee Defendants in aspects of their scheme.  According to Plaintiffs, Moore, as the

19  Tribe's financial advisor, assisted the Employee Defendants in setting up and

20  administering the unauthorized Tribal Retirement Plans.

21         After filing an answer, Moore moved to dismiss the third-party claims against it

22  under Rule 12(c), and on October 19, 2016, the Court granted the motion.  The claims

23  against Moore were dismissed with prejudice.  Moore now seeks entry of final judgment

24  on that order, pursuant to Rule 54(b).

25  ///

26         _____
           [1] Because oral argument would not have been of material assistance, the Court ordered this
27  matter submitted on the briefs in accordance with Local Rule 230(g).

           [2] Unless otherwise noted, the allegations in this section are drawn directly from the allegations of
28  Plaintiffs' Complaint.

1

2

## LEGAL STANDARD

Rule 54(b) allows courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  The original purpose of Rule 54(b) was, given the modern practice of joining multiple parties and claims into a single action, to reduce uncertainty as to what constituted a final judgment that was ripe for appeal.  Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511–12 (1950); see also Gelboim v. Bank of Am. Corp., 135 S. Ct. 897, 902 (2015) ("Rule 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims . . . .").

In determining whether to direct entry of a final judgment under Rule 54(b), courts must consider (1) whether it has rendered a "final judgment," and then (2) "whether there is any just reason for delay."  Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)).  While "[t]he Court has eschewed setting narrow guidelines for district courts to follow," id. at 878 n.2, its "discretion is to be exercised 'in the interest of sound judicial administration,'" Curtiss-Wright, 446 U.S. at 8 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956)).

## ANALYSIS

There is no doubt that the dismissal of the claims against Moore constitutes a final judgment.  By dismissing the claims against Moore, this Court's order was "an ultimate disposition of an individual claim entered in the course of a multiple claims litigation." Wood, 422 F.3d at 878 (quoting Curtiss-Wright, 466 U.S. at 7).  The Court dismissed all claims against Moore with prejudice after the close of the pleadings.  The analysis does not end there, however, as Rule 54(b) also requires the Court to make an express

///

3

1   finding that there is no "just reason for delay" in actually entering a judgment as to less

2   than all claims.

3          Moore here does not move for entry of final judgment so that it can file an

4   appeal—its motion to dismiss was successful—but instead so that it will not "be required

5   to expend more time and resources in monitoring the activity of this case, and of

6   potentially preventing any party from circumventing the Court's Order."  Defs.' Mot. for J.

7   at 3.

8          While Moore's motion would not serve the original purposes of Rule 54(b), the

9   Ninth Circuit has not precluded such considerations from being considered by a district

10  court when ruling on a Rule 54(b) motion. See Continental Airlines, Inc. v. Goodyear Tire

11  & Rubber Co., 819 F.2d 1519, 1525 (9th Cir. 1987); cf. Bank of Lincolnwood v. Fed.

12  Leasing, Inc., 622 F.2d 944, 949 n.7 (7th Cir. 1980) ("The requirement that there be 'no

13  just reason for delay' is frequently referred to as a requirement that there be no just

14  reason to delay an appeal. This, however, is too narrow a reading of the Rule.").

15         Moore, however, has not made clear why there would be any costs incurred

16  absent an entry of judgment under Rule 54(b).  Furthermore, granting the 54(b) motion

17  would likely work to undermine "the historic federal policy against piecemeal appeals."

18  Wood, 422 F.3d at 878 (quoting Curtiss-Wright, 466 U.S. at 7).  If the Court were to grant

19  Moore's motion, Plaintiffs would be obligated to seek an appeal immediately or else

20  forfeit the right to an appeal.  An immediate appeal, though, would likely be

21  inappropriate.  Plaintiffs have alleged many parallel claims against various defendants

22  and they should be analyzed on appeal as a single unit.  See Jewel v. Nat'l Sec.

23  Agency, 810 F.3d 622, 625 (9th Cir. 2015) (finding that a Rule 54(b) motion should be

24  analyzed with regard to "the interrelationship of the claims so as to prevent piecemeal

25  appeals in cases which should be reviewed only as single units" (quoting Curtiss-Wright,

26  466 U.S. at 10)).

27  ///

28  ///

4

1

**CONCLUSION**

2

3       For the reasons above, Moore's Motion for Judgment under Rule 54(b) is

4    DENIED.

5              IT IS SO ORDERED.

6    Dated:  January 24, 2017

7

8                                                    MORRISON C. ENGLAND, JR.
                                                     UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28