UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION,<br><br>            Plaintiffs,<br><br>      v.<br><br>INES CROSBY; et al.,<br><br>            Defendants. | No. 2:15-cv-00538-MCE-CMK<br><br>**MEMORANDUM AND ORDER** |

Defendants Umpqua Bank; Umpqua Holdings Corp. (collectively, "Umpqua Defendants"); Garth Moore; Garth Moore Insurance and Financial Services, Inc. (collectively, "Moore"); Associated Pension Consultants, Inc. ("APC"); Cornerstone Community Bank; Cornerstone Community Bancorp; and Jeffery Finck (collectively, "Cornerstone Defendants") have all been dismissed from the lawsuit. Several of them have moved for entry of final judgment under Federal Rule of Civil Procedure ("Rule") 54(b) or presented stipulations to enter final judgment under Rule 54(b). The Court now finds that the entry of final judgment as to these Defendants is in the interest of sound judicial administration and therefore does so under Rule 54(b).

///

///

# BACKGROUND[1]

The Paskenta Band of Nomlaki Indians ("the Tribe") employed Ines Crosby, John Crosby, Leslie Lohse, and Larry Lohse (collectively, the "Employee Defendants") in executive positions for more than a decade. Plaintiffs contend that the Employee Defendants used their positions to embezzle millions of dollars from the Tribe and its principal business entity, the Paskenta Enterprises Corporation ("PEC"). According to Plaintiffs, the Employee Defendants stole these funds from Plaintiffs' bank accounts—including accounts at Umpqua Bank and Cornerstone Community Bank—by withdrawing large sums for their personal use. Plaintiffs further allege that the Employee Defendants caused the Tribe to invest in two unauthorized retirement plans for the Employee Defendants' personal benefit: a defined benefit plan and a 401(k) (collectively, "Tribal Retirement Plans"). The Employee Defendants allegedly kept their activities hidden from Plaintiffs by various means including harassment, intimidation, and cyber-attacks on the Tribe's computers.

Plaintiffs go on to assert that the Cornerstone Defendants, the Umpqua Defendants, APC, and Moore knowingly assisted the Employee Defendants in aspects of their scheme. They contend that the Umpqua Defendants and Cornerstone Defendants controlled banks where Plaintiffs maintained accounts and, despite knowing the Employee Defendants were withdrawing money from these accounts for their personal benefit, permitted the Employee Defendants to continue making withdrawals and failed to notify Plaintiffs of the Employee Defendants' actions. According to Plaintiffs, APC and Moore—as the third-party administrator for the Tribal Retirement Plans and financial advisor, respectively—assisted the Employee Defendants in setting up and administering the unauthorized Tribal Retirement Plans.

///

---

[1] The allegations in this section are drawn directly from the allegations of Plaintiffs' Third Amended Complaint.

On October 19, 2016, the Court dismissed all the claims against the Umpqua Defendants and APC with prejudice for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 299. In that same Memorandum and Order, the Court also granted Moore's Motion for Judgment on the Pleadings pursuant to Rule 12(c), resolving all claims against it. On January 24, 2017, the Court granted the Cornerstone Defendants' Motions for Summary Judgment, similarly resolving all claims against them. ECF No. 358.

Prior to the Court's January 24, 2017 Memorandum and Order, the Umpqua Defendants, Moore, and APC sought entry of final judgment as to them pursuant to Rule 54(b). See Mot. for Entry of Final J., ECF No. 300 (Moore); Stipulation and Proposed Order, ECF No. 314 (Moore and APC); Stipulation and Proposed Order, ECF No. 315 (Umpqua Defendants). The Cornerstone Defendants have similarly moved for entry of final judgment. ECF No. 329.

**LEGAL STANDARD**

Rule 54(b) allows courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The original purpose of Rule 54(b) was, given the modern practice of joining multiple parties and claims into a single action, to reduce uncertainty as to what constituted a final judgment that was ripe for appeal. Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511–12 (1950); see also Gelboim v. Bank of Am. Corp., 135 S. Ct. 897, 902 (2015) ("Rule 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims . . . .").

In determining whether to direct entry of a final judgment under Rule 54(b), courts must consider (1) whether it has rendered a "final judgment," and then (2) "whether there is any just reason for delay." Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). While

"[t]he Court has eschewed setting narrow guidelines for district courts to follow," id. at 878 n.2, its "discretion is to be exercised 'in the interest of sound judicial administration,'" Curtiss-Wright, 446 U.S. at 8 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956)).

## ANALYSIS

There is no doubt that the dismissal of the claims against the Umpqua Defendants, Moore, and APC constitutes a final judgment. By dismissing the claims against them, this Court's order was "an ultimate disposition of an individual claim entered in the course of a multiple claims litigation." Wood, 422 F.3d at 878 (quoting Curtiss-Wright, 466 U.S. at 7). The Court dismissed all claims against the Umpqua Defendants and APC with prejudice for failure to state a claim, as well as dismissed all claims against Moore after the close of the pleadings. Similarly, the Court's grant of summary judgment in favor of the Cornerstone Defendants resolved all claims against them.

Rule 54(b) also requires the Court to make an express finding that there is no "just reason for delay" in entering a judgment as to less than all claims. The Court so finds as to the Umpqua Defendants, the Cornerstone Defendants, Moore,[2] and APC. See Ioane v. Spjute, 2016 WL 5235042, at *1 (E.D. Cal. Sept. 22, 2016) ("A court need not wait for parties to move for Rule 54(b) certification." (citing State Treasurer v. Barry, 168 F.3d 8, 14 (11th Cir. 1999)). The claims against these Defendants do not stem from any allegations of direct fraud, but stem from allegations of aiding and abetting the Employee Defendants in perpetrating fraud, from allegations of negligence allowing the Employee Defendants to steal from the Tribe, and from similar allegations. As these

---

[2] The Court notes that it previously denied Moore's Motion of Entry of Judgment due to concerns of piecemeal appeals. See Mem. & Order, ECF No. 359, at 4 ("Plaintiffs have alleged many parallel claims against various defendants and they should be analyzed on appeal as a single unit."). Now that the claims against the Cornerstone Defendants have been resolved and they, too, have moved for entry of final judgment, those concerns no longer exist.

claims are all related to each other—and separate and distinct from the allegations against the Employee Defendants—the Court finds it prudent to enter final judgment as to these Defendants. Allowing a single appeal of these similar allegations and theories of liability would be "in the interest of sound judicial administration." Curtiss-Wright, 446 U.S. at 8 (quoting Sears, 351 U.S. at 437).

## CONCLUSION

For the reasons above, the Court enters final judgment pursuant to Rule 54(b) as to the claims made against the Cornerstone Defendants, the Umpqua Defendants, Moore, and APC. The Clerk is directed to enter final judgment in favor of Defendants Cornerstone Community Bank; Cornerstone Community Bancorp; Jeffery Finck; Umpqua Bank; Umpqua Holdings Corp.; Garth Moore; Garth Moore Insurance and Financial Services, Inc.; and Associated Pension Consultants, Inc. In light of the Court entering final judgment sua sponte as to the claims against the Cornerstone Defendants, their Motion for Judgment, ECF No. 369, is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: February 21, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE