UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>INES CROSBY; JOHN CROSBY; LESLIE LOHSE; LARRY LOHSE; TED PATA; JUAN PATA; CHRIS PATA; SHERRY MYERS; FRANK JAMES; UMPQUA BANK; UMPQUA HOLDINGS CORPORATION; CORNERSTONE COMMUNITY BANK; CORNERSTONE COMMUNITY BANCORP; JEFFERY FINCK; GARTH MOORE; GARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.; ASSOCIATED PENSION CONSULTANTS, INC.; THE PATRIOT GOLD & SILVER EXCHANGE, INC.; GDK CONSULTING LLC; and GREG KESNER,<br><br>    Defendants. | No. 2:15-cv-00538-MCE-DMC<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Plaintiffs' Motion to Vacate the stay of these proceedings in effect since April 19, 2017. That Motion (ECF No. 467) is GRANTED.

1

## BACKGROUND

Plaintiffs Paskenta Bank of Nomlaki Indians and Paskenta Enterprises Corporation (hereinafter "the Tribe") instituted the present lawsuit on March 10, 2015, on grounds that three former high ranking employees of the Tribe (Defendants John Crosby, Ines Crosby, Leslie Lohse) had embezzled tribal assets for a period of many years with the assistance of other individuals and entities also named as Defendants.

On January 5, 2017, the United States filed a sixty-nine count criminal indictment against Defendants John Crosby, Ines Crosby and Leslie Lohse. Thereafter, on April 20, 2017, the Court ordered the present civil lawsuit stayed (subject to exceptions for certain pending motions) with the main purpose of that stay being to protect the indicted Defendants' Fifth Amendment Rights pending disposition of the criminal case against them. ECF No. 415.

On August 15, 2019, the United States entered into plea agreements with all three of the indicted Defendants. Decl. of Stuart G. Gross, ECF No. 467-1, Exs. 1-3. Each pleaded guilty to one count of Conspiracy to Embezzle or Steal from a Tribal Organization in violation of 18 U.S.C. § 371, as well as one count of 18 U.S.C. § 1163, Embezzlement and Theft from a Tribal organization.  In accordance with those pleas, each admitted that he or she "knowingly and willfully embezzled, stole, converted to his/her own use, or misapplied money or funds belonging to the Tribe." Id. Those pleas were accepted by the Court and judgment and sentencing was initially scheduled for January 30, 2020. Pursuant to the parties' stipulation, judgment and sentencing has been continued three times, most recently to October 29, 2020.

In the wake of the above-enumerated guilty pleas, the Tribe has moved to vacate the stay that has been in place for more than three years on grounds that the stated basis for that stay – protection of the Fifth Amendment Rights of the criminally charged Defendants—no longer exists. The accepted plea agreements all waive both any claims under the Fifth Amendment and any right to appeal, so long as any sentence imposed

does not exceed the statutory maximums for the offenses as to which the pleas apply. Id.

Neither Ines Crosby, John Crosby or Leslie Lohse have opposed the Tribe's Motion, and neither have any of the six individuals who are also named as Defendants. Nor have any of the entity Defendants who remain in the case opposed the Motion. The only opposition filed is on behalf of Defendant Associated Pension Consultants, Inc. ("APC") despite the fact that APC's Amended Notice to Dismiss, filed August 3, 2016 (ECF No. 269) was granted by the Court on October 19, 2016 (ECF No. 299), with final judgment thereafter entered on APC's behalf on February 21, 2017.  ECF No. 379

According to APC, because the Tribe appealed that judgment on March 10, 2017 (ECF No. 394), and despite the guilty pleas which obviate the stated basis for staying the matter, the April 19, 2017 should nonetheless stay in effect until such time as the Ninth Circuit decides Plaintiffs' pending appeals regarding the final judgment entered in favor of APC and other defendants.  According to APC, should the stay be lifted and the Tribe permitted to engage in discovery, APC could be "potentially implicated" without the benefit of participating in such discovery.  APC's Opp., ECF No. 473, 2:13-15.

**STANDARD**

Stays of civil litigation in light of criminal proceedings are fundamentally disfavored.  "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995).  Therefore, as the Supreme Court noted, "[i]n the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal are unobjectionable under our jurisprudence." Id.

In evaluating the propriety of a stay, courts should consider, in addition to the extent a defendant's Fifth Amendment rights are implicated, five so-called Keating factors:

3

> (1) [T]he interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; 2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 324-25.

Given the court's inherent power to control the disposition of cases pending before it in an expeditious fashion for all concerned, it has "broad discretion to stay proceedings as an incident to [such] power." Clinton v. Jones, 520 U.S. 681, 706 (1997).

## ANALYSIS

The Tribe, not surprisingly, relies fundamentally on the fact that since the stated rationale for the stay has vanished with Defendants' guilty pleas, which remove any potential Fifth Amendment concern, the stay should be lifted, particularly since its civil lawsuit has been pending over five years and has been stayed for more than three of those years. It argues that the interests of the Tribe, as well as that of judicial efficiency, would be served by an expedient resolution of the case at this juncture, with the Tribe being prejudiced by any further delay given the passage of additional time and its deleterious effect on both witnesses and evidence.

Tellingly, the most directly impacted parties—the individual Defendants whose guilty pleas have been taken—do not assert otherwise and have neither opposed this Motion nor identified any potential prejudice should it be granted. In addition, the Court's interest in clearing its docket favors lifting the stay. Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989). Moreover, "[i]t is axiomatic that the public's interest favors open judicial proceedings and the expeditious resolution of litigation." Waitt v. Internet Brands, Inc., No. CV-10-3006 GHK (JCGx), 2011 WL 13214299 at * 8

(C.D. Cal. 2011).  The Tribe therefore argues that consideration of the Keating factors points to a conclusion that the stay herein be lifted.

Despite the fact that APC is no longer an active party to these proceedings, it urges the Court to maintain the stay on grounds unrelated to the reasoning employed to stay the case in the first place.  Moreover, it does so based on speculation that discovery once the stay is lifted could be damaging to its interests, thereby creating prejudice.

The Court is unpersuaded by APC's argument.  Any hypothetical prejudice to APC, a non-party, does not outweigh the Tribe's interest in proceeding with this lawsuit and the interests of the Court and public in seeing it resolved.  As the Tribe notes, having succeeded in getting the Tribe's claims against it dismissed, APC should not "now use the shield of its own dismissal from this case as a sword to prevent Plaintiffs' resolution of the active claims against the other Defendants."  Pls.' Reply, ECF No. 482, 4:22-24.

Additionally, as the Tribe points out, if the stay is lifted APC can still, as a non-party, seek to intervene and obtain a protective order if it believes that discovery proceedings against the remaining parties would infringe on its rights and privileges.  See, e.g., Blum v. Merrill Lynch Pierce Fenner & Smith Inc., 712 F.3d 1349, 1354 (9th Cir. 2013) (third-party may intervene in litigation for protective order purposes).  Importantly, too, in order to facilitate that right on APC's part, the Tribe has agreed to "provide courtesy copies of all written discovery and deposition notices to APC so that APC is apprised of all discovery matters during the pending appeal of APC's dismissal."  Pls.' Reply, 4: 22-24.  Intervention, should later circumstances merit in order to obtain a protective order, makes far more sense, and would address an actual and non-speculative concern unlike APC's argument at this juncture when nothing at all has yet transpired.  Under these circumstances, any potential prejudice to APC in lifting the stay is more than obviated and cannot trump the Tribe's interest in moving this case forward.

///

///

**CONCLUSION**

For all the foregoing reasons, Plaintiffs' Motion to Vacate Stay of Proceedings (ECF No. 467) is hereby GRANTED[1]. The Clerk of Court is directed to lift the current stay and to denominate this matter as an active case.

IT IS SO ORDERED.

Dated:  May 26, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered the motions submitted on the briefs in accordance with Local Rule 230(g).