# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INES CROSBY, et al., <br><br> Defendants. | No. 2:15-CV-0538-MCE-DMC <br><br> ORDER |

Plaintiffs Paskenta Band of Nomlaki Indians and Paskenta Enterprises Corporation bring this civil action to recover damages sustained as a result of the commission of predicate offenses under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq. Defendants Ines Crosby, John Crosby, and Leslie Lohse, who are proceeding pro se in the civil action, have entered guilty pleas in a related criminal action, United States of America v. Crosby, et al., No. 2:17-CR-0006-MCE, and are scheduled for sentencing on July 8, 2021.[1]

/ / /

/ / /

---

[1] A stipulation to continue sentencing to September 23, 2021, is pending before the District Judge. See ECF No. 121 in the related criminal action.

Pending before the Court are Plaintiffs' identical motions to compel further discovery responses and deposition testimony from Defendants Ines Crosby, ECF No. 486, John Crosby, ECF No. 487, and Leslie Lohse, ECF No. 488. Defendants did not participate in preparation of a joint statement. As a result, the motions proceed on Plaintiffs' briefs only. Counsel for the Crosbys in the criminal action has filed identical oppositions to Plaintiffs' motions to compel their further responses. See ECF Nos. 490 and 491. The oppositions address a single issue – whether the Crosbys retain their Fifth Amendment privilege against self-incrimination despite their guilty pleas. Defendant Lohse has not responded to Plaintiffs' motion seeking to compel further discovery from her.

## I. BACKGROUND

In an April 20, 2017, order staying this action, the District Judge summarized the case as follows:

> Plaintiff Paskenta Band of Nomlaki Indians (the "Tribe") employed Ines Crosby, John Crosby, Leslie Lohse, and Larry Lohse in executive positions for more than a decade. Plaintiffs allege that Defendants used their positions to embezzle millions of dollars from the Tribe and its principal business entity, the Paskenta Enterprises Corporation ("PEC"). Plaintiffs allege the Defendants stole this money by, among other things, withdrawing large sums from Plaintiffs' bank accounts for their personal use and by having the Tribe invest in two unauthorized retirement plans for the Defendants' personal benefit. Plaintiffs allege the Employee Defendants kept their activities hidden from Plaintiffs by such means as harassment, intimidation, and cyber-attacks on the Tribe's computers. . . .

ECF No. 415, pg. 2.

On May 27, 2020, the District Judge granted Plaintiffs' motion to lift the stay. See EF No. 483. The Court recited the following additional background information:

> On January 5, 2017, the United States filed a sixty-nine count criminal indictment against Defendants John Crosby, Ines Crosby, and Leslie Lohse. Thereafter, on April 20, 2017, the Court ordered the present civil action stayed (subject to exceptions for certain pending motions) with the main purpose of that stay being to protect the indicted Defendants' Fifth Amendment Rights pending disposition of the criminal case against them. ECF No. 415.

/ / /

/ / /

> On August 15, 2019, the United States entered into plea agreements with all three of the indicted Defendants. Decl. of Stuart G. Gross, ECF No. 467-1, Exs. 1-3. Each pleaded guilty to one count of Conspiracy to Embezzle or Steal from a Tribal Organization in violation of 18 U.S.C. § 371, as well as one count of 18 U.S.C. § 1163, Embezzlement and Theft from a Tribal organization. In accordance with those pleas, each admitted that he or she "knowingly and willfully embezzled, stole, converted to his/her own use, or misapplied money or funds belonging to the Tribe." Id. Those pleas were accepted by the Court and judgment and sentencing was initially scheduled for January 30, 2020. . . .

ECF No. 483, pg. 2.

The Court noted that the accepted plea agreement ". . .waive(s) both any claims under the Fifth Amendment and any right to appeal, so long as any sentence imposed does not exceed the statutory maximums for the offenses as to which the pleas apply. . . ." Id. at 2-3. In lifting the stay, the Court agreed with Plaintiffs' unopposed argument that the plea agreement waivers "remove any potential Fifth Amendment concern. . . ." Id. at 4.

## II. SUMMARY OF DISCOVERY IN DISPUTE

Through their three identical motions, Plaintiffs seek an order compelling further discovery as follows:

<u>Depositions</u>

1. Supplemental deposition testimony from the Crosbys and Lohse. See ECF Nos. 486, pg. 2., 487, pg. 2, and 488, pg. 2.

<u>Requests for Production</u>

2. All documents from Ines Crosby responsive to Plaintiff Paskenta Band of Nomlaki Indians' requests for production nos. 1-5, 7-26, 28-32, 35-62, 64, 66, 69-107, 109-113, 115-127, 131-141, 143, 145-163, 165-166, and 183-200. See ECF No. 486, pg. 2.

3. All documents from John Crosby responsive to Plaintiff Paskenta Band of Nomlaki Indians' requests for production nos. 1-9, 11-26, 29-33, 36-63, 65, 67, 70-114, 116-120, and 125-128. See ECF No. 487, pg. 2.

4. All documents from Leslie Lohse responsive to Plaintiff Paskenta Band of Nomlaki Indians' requests for production nos. 1-26, 29-33, 36-65, 67, 71-113, 116-128, 132-336, 138-64, 166-167, and 183-200. See ECF No. 488, pg. 2.

///

3

Interrogatories

5. Answer from Ines Crosby to Plaintiff Paskenta Enterprises Corporation's interrogatories nos. 1, 3, 4, 13, 14, and 17-20. See ECF No. 486, pg. 2.

6. Answers from Ines Crosby to Plaintiff Paskenta Band of Nomlaki Indians' interrogatories nos. 2, 8-12, 14, 21, 22, and 24. See id.

7. Answer from John Crosby to Plaintiff Paskenta Enterprises Corporation's interrogatories nos. 1-5, 7-15, 19-21, and 26-31. See ECF No. 487, pg. 2.

8. Answers from John Crosby to Plaintiff Paskenta Band of Nomlaki Indians' interrogatories nos. 2, 8, 12, 14-17, and 19-25. See id.

9. Answer from Lohse to Plaintiff Paskenta Enterprises Corporation's interrogatories nos. 5 and 12-16. See ECF No. 488, pg. 2.

10. Answers from Lohse to Plaintiff Paskenta Band of Nomlaki Indians' interrogatories nos. 2, 7, 8, 10, 13, 14, 17, 20, and 23. See id.

Requests for Admissions

11. Responses from the Crosbys and Lohse to all requests for admissions. See ECF Nos. 486, pg. 2., 487, pg. 2, and 488, pg. 2.

## III. STANDARD FOR MOTIONS TO COMPEL DISCOVERY

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

/ / /

/ / /

/ / /

4

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

### IV. DISCUSSION

The Crosbys and Lohse have resisted the disputed discovery on Fifth Amendment grounds, arguing that the right against self-incrimination affords them the privilege of not responding. The Crosbys and Lohse have also contended in response to Plaintiffs' discovery requests that the documents sought have been seized by the FBI and IRS and, as such, are no longer in their control. In their identical motions – each directed to objections raised by the

5

| | |
|---|---|
| 1 | Crosbys and Lohse – Plaintiffs contend: (1) by entering into guilty pleas where the Crosbys and |
| 2 | Lohse waived their Fifth Amendment rights, the privilege no longer exists; and (2) documents |
| 3 | seized by the FBI and IRS have been returned. |
| 4 |     Plaintiffs' position is persuasive for several reasons.  First, it is undisputed that the |
| 5 | FBI and IRS have returned seized documents, thereby mooting that objection.  Second, the Fifth |
| 6 | Amendment privilege does not apply when the witness "has already pled guilty and is protected |
| 7 | from further prosecution by the prohibition against double jeopardy and the terms of the plea |
| 8 | agreement. . . ." <u>Lehtonen, Tr. Of PurchasePro.com, Inc. Liquidating Tr. V. Gateway Companies,</u> |
| 9 | <u>Inc.</u>, 2007 WL 9733695, at *4 (D. Nev. 2007); <u>Noriega-Perez v. United States</u>, 179 F.3d 1166, |
| 10 | 1170 n.1 (9th Cir. 1999).  Third, in lifting the stay, the District Judge has ruled that the Fifth |
| 11 | Amendment privilege is no longer a concern because the Crosbys and Lohse entered into plea |
| 12 | agreements which have been accepted and in which the Fifth Amendment privilege was waived. |
| 13 |     Relying on <u>Mitchell v. United States</u>, 526 U.S. 314 (1999), counsel for the |
| 14 | Crosbys in the criminal action argues in response to Plaintiffs' motions to compel that the |
| 15 | privilege against self-incrimination is not relinquished upon entry of a guilty plea and survives |
| 16 | unimpaired through sentencing.  As Plaintiffs correctly note, however, that case is distinguishable |
| 17 | in that there was no written plea which contained a waiver of the Fifth Amendment privilege and |
| 18 | an agreement as to the sentence that would be recommended by the government. |
| 19 | / / / |
| 20 | / / / |
| 21 | / / / |
| 22 | / / / |
| 23 | / / / |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motions to compel, ECF Nos. 486, 487, and 488, are granted;
2. Defendants' objections to the disputed discovery outlined herein are overruled;
3. Defendants shall appear and testify at properly noticed depositions; and
4. Within 30 days of the date of this order, Defendants shall serve responses to the disputed written discovery outlined herein.

Dated: June 2, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE