UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PASKENTA BAND OF NOMLAKI INDIANS; and PASKENTA ENTERPRISES CORPORATION, | No. 2:15-cv-00538-MCE-DMC |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| INES CROSBY; et al., | |
| Defendants. | |

Plaintiff Paskenta Band of Nomlaki Indians (the "Tribe") together with Plaintiff Paskenta Enterprises Corporation (collectively "Plaintiffs") operate a large for-profit casino located north of Sacramento, California. Plaintiffs filed this lawsuit to recoup funds embezzled by casino employees, who were also former tribal officials, for their own use. Those funds were misappropriated from various bank accounts maintained by Plaintiffs, including funds held by Defendants Cornerstone Community Bank and Cornerstone Community Bancorp ("Cornerstone"). Plaintiffs allege that Cornerstone aided and abetted the misappropriation by failing to monitor transactions made by the embezzling employees, even though those employees were authorized signatories on the accounts in question.

///

This Court granted summary judgment in favor of Cornerstone on February 21, 2017 (ECF No. 378).  Cornerstone subsequently moved to recoup its attorney's fees and costs on March 7, 2017 (id. at 384), and by Order dated July 26, 2017 (id. at 433), costs and fees in the amount of $1,049,559.16 were awarded as requested.  Because Plaintiffs appealed both the judgment and the subsequently awarded fees/costs, Plaintiffs moved to stay enforcement of the award pending appeal, which the Court granted.  Id. at 448.

On May 3, 2021, the Ninth Circuit affirmed this Court's summary judgment, and the mandate issued on May 25, 2021.  Id. at 527.  Subsequently, on June 28, 2021, the award of fees/costs was also affirmed, and the mandate to that effect was issued on July 19, 2021 (id. at 532).  After Cornerstone moved to transfer its additional requests for fees on appeal (both with regard to summary judgment and the fee award) to this Court, the Ninth Circuit granted those requests by orders issued on June 2, 2021, and July 12, 2021.  See Decl. of John Friedemann, ECF No. 535-2, Exs. E and F.  Cornerstone subsequently filed the motion presently before this Court for adjudication, which seeks both fees/costs on appeal and payment of the fees/costs originally awarded, on July 29, 2021.  ECF No. 535.  As set forth below, that Motion is GRANTED.[1]

On August 4, 2021, less than a week after Cornerstone's Motion was filed, Plaintiffs remitted payment to Cornerstone in the amount of $1,102,017.19, which represented the original fees and costs awarded by this Court in 2017, including post-judgment interest.  Decl. of Stuart Gross, ECF No. 538-1, ¶ 9.  There is no dispute that said payment satisfied the fees and costs awarded to Cornerstone for its defense in the original lawsuit.  Consequently, that issue is now moot.  The only remaining question is whether Cornerstone is also entitled to be reimbursed for fees in the amount of

///

///

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

$226,016.50 incurred in Plaintiffs' subsequent appeal,[2] plus the additional $6,278.00 it cost to prepare a reply to this motion,[3] for total fees on appeal of $232,294.50.

Plaintiffs do not dispute their obligation to pay Cornerstone attorney's fees on appeal given the terms of a prior release and indemnification agreement it reached with Cornerstone in 2014.  That agreement contained a fee-shifting clause which provided that in an any subsequent action involving its enforcement or interpretation, the prevailing party was entitled to "reasonable attorneys' fees and costs of suit."  See Mot., ECF No. 535-1, a:13-19.  Nor do Plaintiffs take issue with the hours expended or the hourly rate charged.  Instead, Plaintiffs only dispute Cornerstone's entitlement to $12,425.00 it spent in fees to prepare the present motion (only a little more than half of the $23,060.00 claimed) plus additional fees in the amount of $6,278.00 claimed for preparation of a reply.

Plaintiffs claim they are not obligated to shoulder those fees because their counsel, Stuart Gross, made "repeated efforts to stipulate to [the] fees and costs" such that Cornerstone's decision to proceed with the motion was not reasonable.  Pls.' Opp., ECF No. 538, 2-12-14.  According to Plaintiffs, Cornerstone's Motion therefore "should not be before the Court."  Id. at 1:1.[4]

Close examination of both Cornerstone's opposition and the email correspondence between the parties, as attached to Plaintiffs' own moving papers, belies that unequivocal appraisal.  First, it was counsel for Cornerstone, and not Plaintiffs, that initially broached the possibility of coming to an agreement on the original fee award in the underlying case, presumably in order to avoid needless motion practice.

---

[2] The $226,016.50 figure includes $23,060.00 spent in preparation of the initial moving papers herein.  Friedemann Decl., ECF No. 535-2, ¶ 6.

[3] Friedemann Supplemental Decl., ECF No. 541-1, ¶ 6.

[4] If Cornerstone should not have filed the present motion in the first instance, as Plaintiffs seem to allege, the Court is puzzled by the fact that Plaintiffs contest only a portion ($12,425.00) of the $23,060.00 total that Cornerstone claims was spent to prepare the moving papers.  Logic would seem to dictate that the entire amount be deemed unreasonable given Plaintiffs' apparent position that the motion was unnecessary. Plaintiffs' opposition papers, however, provide no further explanation.

When Plaintiffs' counsel responded with an inquiry about whether there was a motion for fees on appeal, Cornerstone attorney John Friedemann responded that he was referring to the initial fee award by this Court as affirmed by the Ninth Circuit. That award had been stayed by the undersigned pending the appeal, in part based on a representation by Plaintiffs that payment would be made within five days. In an email of July 20, 2021, the day after the mandate was issued as to Plaintiffs' attorney's fee appeal, Cornerstone counsel Friedemann asked Gross whether a stipulation could be reached as to post-judgment interest on the original fee award.

Gross responded on July 23, 2021 as follows:

> The Tribe will make one payment. We invite you to provide a request for appellate fees with back up to see if motion practice can be avoided. If you refuse to do so, we will oppose any request for fees related to such motion practice on the ground of such refusal.

In his July 26, 2021 response, Friedemann questioned how Gross' pronouncement that the Tribe would make only one payment was consistent with prior representations made to the Court, to wit, that payment would be made as to the original award within five days after its appeal had been adjudicated.[5] Ultimately, because Gross wanted to see all billing records to substantiate Cornerstone's claim for appellate fees, a process that could be time consuming given the need to redact references to privileged matters, Friedemann decided the prudent course would be to simply get his motion on file to protect his clients' rights. Not only in his view had Plaintiffs declined to pay the already adjudicated portion of the fee award that had been stayed pending appeal, which he likened to an unscrupulous "hostage" tactic for approaching payment of the remaining fees on appeal, but he also had concern about getting a motion timely filed to satisfy jurisdictional concerns. See Reply, ECF No. 541, 2:1-6.

///

///

---

[5] The above-enumerated correspondence between Gross and Friedemann is contained within an email thread attached as Ex. A to the Gross Declaration.

Ninth Circuit Rule 39-1.6(a) provides that attorney's fee requests must be made within fourteen days after the time to petition for rehearing has expired,[6] stating in pertinent part as follows:

> a request for attorneys' fees . . . shall be filed with the Clerk . . . within 14 days from the expiration of the period within which a petition for rehearing or suggestion for rehearing en banc may be filed, unless a timely petition for rehearing or suggestion for rehearing en banc is filed.

The Ninth Circuit also permits transfer of an attorney's fee request to the applicable district court for handling, provided that such request is made within the same fourteen-day period for filing the request itself under Rule 39-1.6(a) above.  Rule 39-1.8 provides:

> Any party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court or administrative agency from which the appeal was taken.

Only if timely submitted will the circuit consider transfer of the request to the applicable district court for handling, and in the absence of a transfer order pursuant to Rule 39-1.8 the district court lacks jurisdiction to entertain a fee award.  <u>Cummings v. Connell</u>, 402 F.3d 936, 948 (9th Cir. 2005).

Cornerstone had to act expeditiously given these jurisdictional deadlines.  The mandate was issued by the Ninth Circuit on the attorneys' fee appeal on July 19, 2021, once the period for filing a petition for panel rehearing/en banc consideration had expired a week beforehand, on July 12, 2021.[7]  If Rule 39-1.6 requires that a motion for attorney's fees be filed with the Ninth Circuit irrespective of whether the requesting party also requests transfer of the motion to the district court for consideration, Cornerstone arguably had only until July 26, 2021 to do so.  Because its email communications with Plaintiffs about resolving the fee question short of motion practice did not begin until

---

[6] A Petition for Rehearing or en banc consideration has to be filed within fourteen days following the court's initial judgment under Ninth Circuit Rules 41(a((1) and 35(c).

[7] Ninth Circuit Rule 41(b) requires that mandate issue seven days after the deadline for filing a petition for rehearing expires.  Given the Court's entry of judgment as to the attorneys' fee appeal on June 28, 2021, the petition for rehearing deadline was July 12, 2021, making the Court's mandate seven days later consistent with Rule 41(b).

5

July 20, 2021, after the mandate had been issued the day before, Cornerstone was faced with the prospect of having limited time to prepare its motion and claims it had little choice but proceed and not wait until the outcome of potential negotiations with Plaintiffs. As Friedemann states in his reply papers, "[g]iven a looming potential jurisdictional deadline and the Tribe's simultaneous refusal to honor its previous assurances of prompt payment, the motion was clearly necessary to preserve Cornerstone's rights." Reply, ECF No. 541, 2:1-4. The Court cannot say this was unreasonable under the circumstances.

Another decision from this district, Deocampo v. Potts, No. 2:06-1283 WBS CMK, 2017 WL 363142 (E.D. Cal. Jan. 24, 2017) underscores the tension between the time deadlines confronted by Cornerstone. That case, citing an earlier decision in Hobson v. Orthodontic Centers of America, No. 02-0886 WBS PAN, 2007 WL 1795731 at *2 (E.D. Cal June 20, 2007), noted that "[w]hen a motion to transfer is filed, it is not clear [from Rules 39-1.6 and 1.8, read together] that the attorney's fee motion itself has to be filed at all with the Ninth Circuit." Deocampo at *2. Recognizing "the ambiguity regarding whether a party must file an application for appellate attorney's fees within fourteen days of final disposition of the appeal when it has also filed a motion to transfer", Deocampo "construe[d] Rules 39-1.6 and 39-1.8 in favor of plaintiffs and [held] that plaintiffs' motion for supplemental attorney's fees was not untimely in light of plaintiffs' timely motion to transfer. Id. Despite Deocampo's favorable determination in that regard, given the uncertainty it identified and the fact that another court could decide otherwise, Cornerstone quite reasonably decided it had to proceed with the preparation of an attorneys' fee motion.

While true that in determining whether a requested fee award is warranted, district courts should exclude hours that were "not reasonably expended" (McGrath v. Cty. Of Nevada, 67 F.3d 248, 252 (9th Cir. 1995) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)), the Court nonetheless has "a great deal of discretion in determining the reasonableness of the fee" as measured by "the reasonableness of the hours claimed by

the prevailing party." Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The burden of proof is on the party opposing the fee application, here Plaintiffs, to adduce evidence challenging the accuracy and reasonableness of the hours charged. Id. at 1397-98.

Given this standard and the circumstances outlined above, in exercising its discretion the Court finds Cornerstone's decision to proceed with an attorneys' fees motion was a reasonable one. Accordingly, Cornerstone's Motion (ECF No. 535) for an award of attorneys' fees incurred on appeal is GRANTED as requested in the amount of $226,016.50 as originally requested, in addition to the $6,278.00 expended in the preparation of its reply for a total of $232,294.50.

IT IS SO ORDERED.

Dated: February 7, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE