1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   PASKENTA BAND OF NOMLAKI              No.  2:15-cv-00538-MCE-DMC
     INDIANS; and PASKENTA
12   ENTERPRISES CORPORATION,

13                 Plaintiffs,            **ORDER**

14        v.

15   INES CROSBY; et al.,

16                 Defendants.

17

18        Plaintiff Paskenta Band of Nomlaki Indians (the "Tribe") together with Plaintiff

19   Paskenta Enterprises Corporation (collectively "Plaintiffs") operate a large for-profit

20   casino located north of Sacramento California.  Plaintiffs filed this lawsuit to recoup funds

21   embezzled by casino employees, who were also former tribal officials, for their own use.

22   Those funds were misappropriated from various bank accounts maintained by Plaintiffs,

23   including funds held by Defendants Umpqua Bank and Umpqua Holdings Corporation

24   ("Umpqua").  Plaintiffs allege that Umpqua aided and abetted the misappropriation by

25   failing to monitor transactions made by the embezzling employees, even though those

26   employees were authorized signatories on the accounts in question.

27        Umpqua responded to Plaintiffs' lawsuit by filing three successful motions to

28   dismiss.  Umpqua's last motion to dismiss was granted with prejudice on October 19,

                                          1

1    2016, on grounds that despite multiple opportunities to amend Plaintiffs had still failed to

2    allege any viable claim for relief against Umpqua.  ECF No. 299.  Final judgment in

3    Umpqua's favor was thereafter entered on February 21, 2017.  Id. at 379.  Umpqua

4    made post-judgment requests for costs and attorneys' fees.  Id. at 382, 383.  By

5    Memorandum and Order dated July 27, 2017, this Court awarded costs to Umpqua in

6    the amount of $2,647.10 as requested but determined that Umpqua was not entitled to

7    attorneys' fees.  Id. at 433.

8        Both sides subsequently appealed to the Ninth Circuit, Plaintiffs with respect to

9    dismissal of its claims against Umpqua and the award of attorneys' fees, and Umpqua

10   with regard to the denial of its attorneys' fee request.  The Ninth Circuit ultimately

11   affirmed this Court's dismissal of Plaintiffs' Third Amended Complaint in a memorandum

12   opinion dated May 3, 2021.  Id. at 521.  Umpqua subsequently filed a motion to transfer

13   consideration of any request for appellate fees on that matter to this Court, which was

14   granted.  See Decl. of Kasey Curtis, ECF No. 534-2, Ex. I

15       With respect to fees and costs, the award of costs was similarly affirmed but,

16   because the Ninth Circuit determined that Umpqua was entitled to its attorneys' fees

17   incurred as a matter of law, it reversed and remanded to this Court to make the

18   appropriate calculation.  ECF No. 530, pp. 4-5.

19       Umpqua subsequently filed the motion for attorneys' fees now before the Court

20   which requests fees totaling $756,882.20.  Id. at 534.  That amount comprises

21   $564,322.50 for fees incurred by Umpqua in defending its original case in district court,

22   $109,175.50 in appellate fees spent in responding to Plaintiffs' appeal of Umpqua's

23   dismissal, $67,003.70 as to the fees and costs on appeal, and $16,380.50 for preparing

24   the present motion.  Umpqua's Mot., ECF No. 534, 6:4-10, Curtis Decl., Exs A-E.

25   Umpqua further seeks an additional $6,359.50 for preparation of its reply papers herein.

26   ///

27   ///

28   ///

2

1  Supp. Curtis Decl., ECF No. 540-1, ¶ 6.  Umpqua's total fee reimbursement request is

2  thus $763,241.70.  As set forth below, Umpqua's Motion is GRANTED.[1]

3       In opposing Umpqua's motion, Plaintiffs do not dispute their obligation to pay

4  Umpqua's attorney's fees.  Nor do Plaintiffs take issue with the hours expended or the

5  hourly rate charged.  Instead, Plaintiffs only dispute Umpqua's entitlement to $16,380.50

6  it spent in fees to prepare the present motion plus the additional fees of $6,359.50

7  Umpqua seeks in connection with its reply.  Therefore Plaintiffs oppose just $22,740.00

8  in fees, less than three percent of the total amount sought.

9       Plaintiffs claim they are not obligated to shoulder those fees because Umpqua's

10  refusal to stipulate to the amount of its fees made it unreasonable for Umpqua to have

11  filed a formal motion.  According to Plaintiffs, Umpqua's Motion therefore "should not be

12  before the Court."  Opp'n, ECF No. 539, 1:1 at 1:1.

13       The record before this Court, however, reveals that it was counsel for Umpqua,

14  and not Plaintiffs, who initially broached the possibility of coming to an agreement on the

15  original fee award in the underlying case, in order to avoid needless motion practice.  On

16  July 23, 2021, just four days after the Ninth Circuit issued the mandate as to the

17  appellate costs and fees (the mandate had already issued as to Plaintiffs' appeal on the

18  merits, with the matter remanded to this Court to calculate fees incurred in the original

19  proceedings), Umpqua's attorney, Kasey Curtis, reached out to Stuart Gross

20  (representing Plaintiffs) to see whether an informal agreement could be reached.  See

21  Gross Decl, Ex. A.  Curtis made it clear that this needed to happen quickly, however, in

22  order to avoid filing a motion.

23       Mr. Curtis' insistence on a prompt resolution of the fees owed his client as to

24  appeal was not unfounded given Ninth Circuit rules governing fee motion practice.  Ninth

25  Circuit Rule 39-1.6(a) provides that attorney's fee requests must be made within fourteen

26  ///

27

28
---
[1] Having determined that oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

1   days after the time to petition for rehearing has expired,[2] stating in pertinent part as

2   follows:

3           a request for attorneys' fees . . . shall be filed with the
        Clerk . . . within 14 days from the expiration of the period within
4       which a petition for rehearing or suggestion for rehearing en
        banc may be filed, unless a timely petition for rehearing or
5       suggestion for rehearing en banc is filed.

6           The Ninth Circuit also permits transfer of an attorneys' fee request to the

7   applicable district court for handling, provided that such request is made within the same

8   fourteen-day period for filing the request itself under Rule 39-1.6(a) above.  Rule 39-1.8

9   provides:

10          Any party who is or may be eligible for attorneys fees on appeal
        to this Court may, within the time permitted in Circuit Rule 39-
11      1.6, file a motion to transfer consideration of attorneys fees on
        appeal to the district court or administrative agency from which
12      the appeal was taken.

13          Only if timely submitted will the circuit consider transfer of the request to the

14  applicable district court for handling, and in the absence of a transfer order pursuant to

15  Rule 39-1.8 the district court lacks jurisdiction to entertain a fee award.  Cummings v.

16  Connell, 402 F.3d 936, 948 (9th Cir. 2005).

17          Umpqua had to act expeditiously given these jurisdictional deadlines.  The

18  mandate was issued by the Ninth Circuit on the attorneys' fee appeal on July 19, 2021,

19  once the period for filing a petition for panel rehearing/en banc consideration had expired

20  a week beforehand, on July 12, 2021.[3]  In the meantime, on July 7, 2021, Umpqua

21  moved to transfer jurisdiction to adjudicate its fees incurred on appeal to this Court, and

22  that request was granted by the Ninth Circuit on July 12, 2021.  See Curtis Decl., Ex. I.

23          If Rule 39-1.6 requires that a motion for attorney's fees be filed with the Ninth

24  Circuit irrespective of whether the requesting party also requests transfer of the motion

25          [2] A Petition for Rehearing or en banc consideration has to be filed within fourteen days following
26  the court's initial judgment under Ninth Circuit Rules 41(a((1) and 35(c).

27          [3] Ninth Circuit Rule 41(b) requires that mandate issue seven days after the deadline for filing a
    petition for rehearing expires. Given the Court's entry of judgment as to the attorneys' fee appeal on
    June 28, 2021, the petition for rehearing deadline was July 12, 2021, making the Court's mandate seven
28  days later consistent with Rule 41(b).

to the district court for consideration (which Umpqua did on July 7, 2021 as stated above), Umpqua arguably had only until July 26, 2021 to file its motion for fees on appeal.  Because its email communications with Plaintiffs about resolving the fee question short of motion practice did not begin until July 23, 2021,[4] four days after mandate had been issued, and then only at Umpqua's behest, Umpqua was faced with the prospect of limited time to prepare its motion and claims it had little choice but proceed and not wait until the outcome of potential negotiations with Plaintiffs.  When Stuart Gross responded the following day indicating he needed billing records supporting Umpqua's request for fees on appeal, Umpqua's counsel Kasey Curtis indicated that while Gross was entitled to those records, the process of redacting them would be costly and was part of "the hassle and expense" he hoped to avoid through an informal agreement.[5]  Ultimately, when it became clear to Curtis that no quick agreement would be forthcoming, Curtis decided he had to go ahead and prepare a motion given his concern that the filing deadline was jurisdictional and not be amenable to extension. The Court cannot say this decision on Curtis' part was unreasonable under the circumstances.

Another decision from this district, Deocampo v. Potts, 2017 WL 363142 (E.D. Cal. 2017) underscores the tension between the time deadlines confronted by Umpqua. That case, citing an earlier decision in Hobson v. Orthodontic Centers of America, No. 02-0886 WBS PAN, 2007 WL 1795731 at *2 (E.D. Cal June 20, 2007), noted that "[w]hen a motion to transfer is filed, it is not clear [from Rules 39-1.6 and 1.8, read together] that the attorney's fee motion itself has to be filed at all with the Ninth Circuit." Deocampo at *2.  Recognizing "the ambiguity regarding whether a party must file an

---

[4] The correspondence between Kasey Curtis and Stuart Gross, as discussed below. is contained within an email thread attached as Ex. A to the Gross Declaration.

[5] Tellingly, once Umpqua did file its motion for fees on appeal on July 29, 2021 which undisputedly attached all the pertinent billing records (not only for fees incurred in the underlying case, as previously provided, but also those expended upon appeal), Mr. Curtis reached out to Stuart Gross that same day with an email urging him yet again to come to an agreement so that "we can put this one behind us and stop wasting money."  Curtis Supp. Decl., ¶ 5 and Ex. B.  Mr. Gross made no response to that overture aside from filing an opposition to Umpqua's Motion. Id.

1  application for appellate attorney's fees within fourteen days of final disposition of the

2  appeal when it has also filed a motion to transfer", <u>Deocampo</u> "construe[d] Rules 39-1.6

3  and 39-1.8 in favor of plaintiffs and [held] that plaintiffs' motion for supplemental

4  attorney's fees was not untimely in light of plaintiffs' timely motion to transfer."

5  <u>Id</u>.  Despite <u>Deocampo's</u> favorable determination in that regard, given the uncertainty it

6  identified and the fact that another court could decide otherwise, Umpqua quite

7  reasonably decided it had to proceed with the preparation of an attorneys' fee motion.

8          While true that in determining whether a requested fee award is warranted, district

9  courts should exclude hours that were "not reasonably expended" (<u>McGrath v. Cty. Of</u>

10  <u>Nevada</u>, 67 F.3d 248, 252 (9th Cir. 1995) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424,

11  434 (1983)), the Court nonetheless has "a great deal of discretion in determining the

12  reasonableness of the fee" as measured by "the reasonableness of the hours claimed by

13  the prevailing party."  <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1398 (9th Cir. 1992).  The

14  burden of proof is on the party opposing the fee application, here Plaintiffs, to adduce

15  evidence challenging the accuracy and reasonableness of the hours charged.  <u>Id.</u>

16  at 1397-98.

17          Given this standard and the circumstances outlined above, in exercising its

18  discretion the Court finds Umpqua's decision to proceed with an attorneys' fees motion

19  was a reasonable one.  Accordingly, Umpqua's Motion (ECF No. 534) for an award of

20  attorneys' fees incurred on appeal is GRANTED as requested in the amount of

21  $756,882.20 as originally requested, in addition to the $6,359.50 expended in the

22  preparation of its reply for a total of $763,241.70.

23          IT IS SO ORDERED.

24  Dated:  February 7, 2022

25

26  MORRISON C. ENGLAND, JR.
    SENIOR UNITED STATES DISTRICT JUDGE

27

28