STUART G. GROSS (#251019)
sgross@grosskleinlaw.com
ROSS A. MIDDLEMISS (#323737)
rmiddlemiss@grosskleinlaw.com
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
t (415) 671-4628
f (415) 480-6688

JOSEPH R. SAVERI (#130064)
jsaveri@saverilawfirm.com
CHRISTOPHER K.L. YOUNG (#318371)
cyoung@saverilawfirm.com
**JOSEPH SAVERI LAW FIRM, INC.**
555 Montgomery Street, Suite 1210
San Francisco, CA 94111
t (415) 500-6800
f (415) 395-9940

*Attorneys for Plaintiffs the Paskenta Band of Nomlaki Indians
and the Paskenta Enterprises Corporation*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PASKENTA BAND OF NOMLAKI INDIANS**; and **PASKENTA ENTERPRISES CORPORATION**,<br><br>               Plaintiffs,<br><br>v.<br><br>**INES CROSBY**; et al.<br><br>               Defendants. | Case No. 15-cv-00538-MCE-DMC<br><br>**AMENDED STIPULATION FOR ENTRY OF FINAL JUDGMENT AND ORDER AS TO DEFENDANTS INES CROSBY AND JOHN CROSBY** |

<mark>Case 2:15-cv-00538-MCE-DMC   Document 597   Filed 02/07/24   Page 2 of 8</mark>

This Stipulation for Entry of Final Judgment against Defendants Ines Crosby and John Crosby ("Stipulated Judgment") is entered into by and between Plaintiffs the Paskenta Band of Nomlaki Indians (the "Tribe") and the Paskenta Enterprises Corporation (with the Tribe, "Plaintiffs") and Defendants Ines Crosby and John Crosby ("Defendants," and collectively with Plaintiffs, the "Parties"), pursuant to Local Rule 143, by and through their respective counsel.

## **INTRODUCTION**

1. On May 20, 2016, Plaintiffs filed a Third Amended Complaint ("Complaint") for injunctive relief, compensatory damages, and punitive damages against Defendants in the United States District Court for the Eastern District of California. The Complaint alleges that Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 664, 1503, 1956, 1961-62; California Penal Code § 518; the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502, and included claims for conversion, fraudulent concealment, fraudulent misrepresentation, intentional interference with prospective economic relationships, breach of fiduciary of undivided loyalty, restitution, constructive trust, and accounting.

2. On January 5, 2017, the United States indicted Defendants on multiple counts for violations of the following laws: 18 U.S.C § 371 (Conspiracy to Embezzle or Steal from a Tribal Organization); 18 U.S.C. § 1163 (Embezzlement and Theft from a Tribal Organization); 18 U.S.C. § 1519 (Alteration or Falsification of Records in Federal Investigation); 18 U.S.C. § 1001(a) (False Statement to Federal Agent); 26 U.S.C. § 7206(1) (Making and Subscribing to a False Tax Return) (John Crosby only); and 26 U.S.C. § 7203 (Failure to File Tax Return) (Ines Crosby only). The resulting criminal case (the "Criminal Case") is captioned *United States v. Crosby, et al.*, No. 17-CR-00006 JAM.

3. On August 16, 2019, Defendant John Crosby pleaded guilty to violating 18 U.S.C § 371 and 26 U.S.C. § 7206(1) in the Criminal Case.

4. On August 16, 2019, Defendant Ines Crosby pleaded guilty to violating 18 U.S.C § 371 and 26 U.S.C. § 7203 in the Criminal Case.

<mark>GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111</mark>

<mark>AMENDED STIPULATION FOR ENTRY OF FINAL JUDGMENT AND ORDER AGAINST DEFENDANTS INES CROSBY AND JOHN CROSBY; Case No. 15-cv-00538-MCE-DMC

1</mark>

5. On February 25, 2022, Defendants were each sentenced to 57 months in the Criminal Case.

6. On April 19, 2022, Defendant John Crosby was ordered to pay Plaintiff Paskenta Band of Nomlaki Indians $2,705,643.08 in restitution, and Defendant Ines Crosby was ordered to pay Plaintiff Paskenta Band of Nomlaki Indians $1,581,015.58 in restitution, among other criminal monetary penalties, in the Criminal Case (collectively, the "Criminal Judgments").

7. The Parties agree to the Court's entry of this Stipulated Judgment, without adjudication of any issue of fact or law, to settle, compromise, and resolve all matters in dispute between the Parties arising from the conduct alleged in the Complaint.

## JURISDICTION, VENUE, AND ENFORCEMENT

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and has personal jurisdiction over the Parties.

9. Venue in the Eastern District of California is proper pursuant to 28 U.S.C. § 1391(b) and (c).

10. This Court has jurisdiction to approve and enter this Stipulated Judgment as a full and final binding resolution of all claims that were or could have been asserted by Plaintiffs in the Complaint based on the facts or conduct alleged therein.

11. The Court shall retain jurisdiction over this matter to implement, modify, and enforce this Stipulated Judgment.

## MONETARY RELIEF

12. Defendant Ines Crosby shall pay Plaintiffs $5,000,000 in damages.

13. Defendant John Crosby shall pay Plaintiffs $5,000,000 in damages.

## COOPERATION

14. Defendant Ines Crosby shall cooperate with Plaintiffs and the Department of Justice in their efforts to enforce this Stipulated Judgment and the Criminal Judgments, respectively, by:

    a. Executing, and/or authorizing her undersigned counsel to execute, which she does hereby, the necessary paperwork (substantially in the form attached hereto as

AMENDED STIPULATION FOR ENTRY OF FINAL JUDGMENT AND ORDER AGAINST DEFENDANTS INES CROSBY AND JOHN CROSBY; Case No. 15-cv-00538-MCE-DMC

2

Exhibit A) to effect the transfer to Plaintiffs all of the shares of Hover Inc. in her name; and

  b. Selling via CarMax, and/or authorizing her undersigned counsel to sell via CarMax, which she does hereby, the Mercedes SUV she owns and transferring, and/or authorizing her counsel to transfer, which she does hereby, the proceeds of such funds to the Court Clerk, as requested.

15. Defendant John Crosby shall cooperate with Plaintiffs and the Department of Justice in their efforts to enforce this Stipulated Judgment and the Criminal Judgments, respectively, by: Executing, and/or authorizing his undersigned counsel to execute, which he does hereby, the necessary paperwork (substantially in the form attached hereto as Exhibit B) to effect the transfer to Plaintiffs all of the shares of Hover Inc. in his name.

16. Within six (6) months of the date of the entry of this Stipulated Judgment, Defendants and Plaintiffs shall submit to the Department of Justice an agreed upon value of the transferred shares of Hover Inc., with supporting documentation, which shall be used by the Clerk of Court in determining the extent to which such transfers reduce each Defendants' restitution obligations to the Tribe.

17. Defendants agree to execute further documents, and hereby authorize their undersigned counsel, to execute further documents as needed to effectuate or fulfill the above cooperation obligations.

## **RELEASE**

18. Plaintiffs shall release and discharge Defendants from all potential civil liability that Plaintiffs have or might have asserted based on the conduct alleged in the Complaint, to the extent such conduct occurred before the entry of this Stipulated Judgment and the Plaintiffs know about such conduct at the time of the entry of this Stipulated Judgment.

19. Plaintiffs may use the allegations described in the Complaint for the enforcement of this Stipulated Judgment against Defendants, including, without limitation, to establish the continuation of a pattern or practice of violations or to calculate the amount of any damages.

AMENDED STIPULATION FOR ENTRY OF FINAL JUDGMENT AND ORDER AGAINST DEFENDANTS INES CROSBY AND JOHN CROSBY; Case No. 15-cv-00538-MCE-DMC

3

20. This release does not preclude or affect Plaintiffs' rights to determine and ensure compliance with this Stipulated Judgment, to seek penalties for any violation of this Stipulated Judgment, or to seek enforcement of this Stipulated Judgment, the Criminal Judgments, and/or any related order or judgment.

21. This Stipulated Judgment does not bind the United States, inclusive of the Department of Justice, in any way and does not modify or lessen any rights that the United States may have under the Criminal Judgments or otherwise.

## ATTORNEYS' FEES AND COSTS

22. The Parties shall bear their own attorneys' fees and costs incurred in connection with or arising out of this Stipulated Judgment.

## NOTICES

23. All notices required by or related to this Stipulated Judgment shall be in writing and, to the extent feasible, be sent via electronic mail transmission to the email addresses listed below or, if electronic transmission is not feasible, personally delivered or sent by first-class, registered or certified mail, return receipt requested, or by overnight courier, to the following addresses:

If to Plaintiffs:  Stuart G. Gross
Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
sgross@grosskleinlaw.com

If to Defendants:  John Crosby
Ines Crosby
c/o David R. Griffith, Esq.
Griffith & Horn, LLP
1530 Humboldt Road, Suite 3
Chico, CA 95928
Email: david@davidgriffithlaw.com

AMENDED STIPULATION FOR ENTRY OF FINAL JUDGMENT AND ORDER AGAINST DEFENDANTS INES CROSBY AND JOHN CROSBY; Case No. 15-cv-00538-MCE-DMC

4

## **MISCELLANEOUS PROVISIONS**

24. **Integration.** Except for any agreements that may be entered into in writing by and between the Parties concurrently with this Stipulated Judgment, this Stipulated Judgment contains the sole and entire agreement between the Parties and any and all prior negotiations and understandings related hereto shall be deemed to have been merged into this Stipulated Judgment.

25. **Governing Law.** Except as otherwise expressly provided in this Stipulated Judgment, the terms of this Judgment shall be governed by, and interpreted and enforced in accordance with, the laws of the State of California

26. **Effective Date.** This Stipulated Judgment shall not be effective until it is approved and entered by the Court, in which case it shall be effective as of the date it is entered ("Effective Date"). If the Court disapproves or otherwise declines to approve and enter this Stipulated Judgment, the Parties shall meet and confer as to whether to modify the terms of this Stipulated Judgment to address the Court's concerns. If the Parties do not agree, in principle, on a modified stipulated judgment within sixty (60) days after the Court enters its order disapproving this Stipulated Judgment, then this Stipulated Judgment shall automatically be null and void, and this action shall proceed on its normal course.

27. **Modification.** This Stipulated Judgment may not be modified or amended except by further written stipulation of the Parties and approval of the Court, or by further order of the Court.

28. **Construction.** The language in all parts of this Stipulated Judgment, unless otherwise stated, shall be construed according to its plain and ordinary meaning. The captions, headings, and Table of Contents used in this Stipulated Judgment are for reference only and shall not affect the construction of this Stipulated Judgment. The Parties have negotiated this Stipulated Judgment and agree that it shall not be construed against the Party preparing it, but shall be deemed to have been jointly prepared by the Parties, and any uncertainty and ambiguity shall not be interpreted against any one Party.

29. **Severability.** If any one or more of the provisions of this Stipulated Judgment shall for any reason be held invalid, illegal or unenforceable in any respect, that invalidity,

AMENDED STIPULATION FOR ENTRY OF FINAL JUDGMENT AND ORDER AGAINST DEFENDANTS INES CROSBY AND JOHN CROSBY; Case No. 15-cv-00538-MCE-DMC

5

illegality or unenforceability shall not affect any other provision herein, and this Stipulated Judgment shall be construed as if the invalid, illegal or unenforceable provision had never been included, provided, however, in no event shall any Party be deprived a material consideration by operation of this provision.

30. **Assignment.** All of the rights, duties, and obligations contained in this Stipulated Judgment shall inure to the benefit of and be binding upon each of the Parties and their respective successors and assigns.

31. **Authority to Sign.** The undersigned representatives for the Parties each represent and warrant that he/she has read, understood and agreed to all of the terms and conditions of this Stipulated Judgment and is authorized by the Party that he/she represents to enter into and execute this Stipulated Judgment on its behalf.

32. **Counterparts/Signatures.** This Stipulated Judgment may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document. The Parties' signatures to this Stipulated Judgment transmitted by facsimile or electronic mail transmission shall be deemed binding.

The Parties enter into this Stipulated Judgment and submit it to the Court for its approval and entry as a final judgment.

Respectfully submitted,

Dated: February 2, 2024     **GROSS KLEIN PC**

By: */s/ Stuart G. Gross*
     STUART G. GROSS
     *Attorneys for Plaintiffs the Paskenta Band of Nomlaki Indians and the Paskenta Enterprises Corporation*

Dated: February 2, 2024.    **GRIFFITH & HORN, LLP**

By: */s/ David. R. Griffith (as authorized 2/2/24)*
     DAVID R. GRIFFITH
     *Attorneys for Defendants Ines Crosby and John Crosby*

AMENDED STIPULATION FOR ENTRY OF FINAL JUDGMENT AND ORDER AGAINST DEFENDANTS INES CROSBY AND JOHN CROSBY; Case No. 15-cv-00538-MCE-DMC

6

## **JUDGMENT AND ORDER**

The Court hereby adopts the stipulation of the parties as its order and directs that judgment be entered consistent with the foregoing.

IT IS SO ORDERED.

Dated: February 6, 2024

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

AMENDED STIPULATION FOR ENTRY OF FINAL JUDGMENT AND ORDER AGAINST DEFENDANTS INES CROSBY AND JOHN CROSBY; Case No. 15-cv-00538-MCE-DMC

7